IN RE GUARDIANSHIP OF HOWARD JAMES MORRIS.

HOWARD JAMES MORRIS, Appellant, v. O. E. ANDERSON, Guardian, Appellee.

No. 45206.

JUNE 18, 1940.

Edson & Edson, for appellant.

Whitney, Whitney & Stern, for appellee.

SAGER, J.—█ A careful reading of this record persuades us that the trial court erred in its ruling. It appears that the loan in controversy was made to a person of undisclosed financial standing, was secured by real estate in Minnesota, and made without prior approval of the district court. Without

assuming to decide that in no case will investments in property beyond the jurisdiction of our court be approved, they are certainly not to be recommended. In any event no guardian should assume to make such loan without a full and exact report of its nature so that he may have in advance the advice of the court with reference to its advisability. In this case the security was not only of doubtful value as was eventually demonstrated, but it was taken in the name of the guardian himself. Without attributing to the guardian any sinister purpose in so doing, it is apparent that the situation permitted the guardian to retain the title to the real estate on foreclosure, paying in cash what was due the ward if it was to his personal advantage to do so, or to tender the real estate in lieu of cash if loss resulted. The latter course is attempted here. The property taken as security had on it a lien of unpaid taxes at the very time the loan was made; and according to appellant's claim, there is, at the time it is tendered in lieu of cash, due thereon in unpaid taxes, penalty and interest, the sum of $1,382.19.

The loan was made on April 3, 1929, without prior authority of the court. It was not reported until August 15th of the same year. Meanwhile, on April 25th, there went into effect, chapter 259, Acts of the Forty-third General Assembly (now Code 1939, section 12772), which requires:

"All proposed investments of trust funds by fiduciaries shall first be reported to the court or a judge for approval * * * ."

We had this precise question up in In re Guardianship of Nolan, 216 Iowa 903, 249 N. W. 648. We there held that the district court was without power, after April 25, 1929, to approve investments previously made without prior order of court. It is sought to distinguish this case and to rely upon the case of In re Guardianship of Lemley, 219 Iowa 765, 769, 259 N. W. 481, 483. The Lemley case affords no support for the ruling of the trial court. The loan involved in that case was made on August 24, 1920, and was repeatedly reported in

various ways from 1923 to April 22, 1929. The district court made orders with reference thereto which amounted to both direct and implied approval. As appears from the opinion:

"All of the prior reports of the guardian were specifically examined and approved as is shown by the court records, and the twelfth report just mentioned was also examined and approved on April 23, 1932."

Any language in the Lemley case which seems to support appellee's contention is dictum.

 Appellant's claim that there were taxes due on the premises was met by the objection that there was no competent proof of this fact. This contention on the part of the guardian overlooks the well-established rule that the burden is upon the guardian to account for his stewardship. In re Estate of Moe, 213 Iowa 95, 237 N. W. 228, 238 N. W. 718; In re Guardianship of Nolan, supra. The guardian's offer to discharge his obligations by the transfer of the Minnesota real estate should have been refused by the trial court and the guardian required to account in cash for whatever was shown to be due upon a correct accounting. In re Guardianship of Pharmer, 211 Iowa 1285, 235 N. W. 478, is conclusive upon that proposition.

The ward might have accepted the real estate in lieu of cash but he was not compelled to do so. This disposal of the question before us obviates the necessity of further discussion upon this branch of the case. For that reason we have chosen not to discuss the argument that the finding of the trial court in a probate matter has the effect of the verdict of the jury. We are concerned here with a question of law upon undisputed facts.

An examination of the record satisfies us that the allowances made by the court as compensation for the guardian was within its discretion. For that reason that part of its order approving the guardian's final report is sustained. This cause is accordingly reversed as to that part of the court's order authorizing the guardian to turn over the real estate involved in lieu of cash, and the guardian be required to account in cash

for the amount shown to be due; and the case is remanded for orders in conformity herewith.—Affirmed in part; reversed in part with instructions.

HAMILTON, C. J., and OLIVER, HALE, MILLER, BLISS, and RICHARDS, JJ., concur.