Carl E. Kuehnle, d/b/a Kuehnle Realty, appellee, v. Kenneth Schromen, appellant.

No. 51900.

(Reported in 140 N.W.2d 188)

February 8, 1966.

Rehearing Denied April 5, 1966.

Michael A. Stapleton of Gilloon, Klauer, Stapleton & Ernst, of Dubuque, for appellant.

Kenline, Reynolds, Roedell & Breitbach, of Dubuque, for appellee.

THORNTON, J.—This is an action at law by plaintiff, a real-estate broker, to recover a real-estate commission on the sale of a house and lot sold by defendant-owner.

In August of 1959 defendant purchased on contract eight lots in Dubuque from the Schiltz Development Company. As a part of this sale defendant agreed to list the lots with plaintiff-realtor. This listing came about at the instance of the owners of the Development Company. They wished to assist Richard Schiltz, a real-estate salesman employed by plaintiff, to get started in the real-estate field. The owners of the Development Company were the grandfather, father and uncle of Richard Schiltz.

The written portion of the listing appeared on the back of the written offer to buy accepted by the Development Company and is as follows:

"(1). Listing with Kuehnle Realty on each individual lot at 5% commission is to be in effect until six months from completion of each house, and to be paid by the buyer.

"(2). Above listing is to be for at least five (5) lots and houses.

"(3). Owner reserves the right to build and occupy his own home on any lot without paying customary commission.

"(4). Should either of the two parties already desiring to buy, have a change of mind, the commission on these lots would also apply. Names of the two parties to be submitted to Kuehnle Realty in writing not later than August 10, 1959."

Plaintiff alleges the listing was partly written, as above, and partly oral, that he would have the sole and exclusive right to sell the lots involved at 5 percent commission.

After a trial the court entered a judgment for plaintiff. Defendant appeals urging the trial court was in error in holding, 1, the contract gave plaintiff an exclusive right to sell whether the property was sold by plaintiff, defendant or anyone else, 2, the contract did not expire by its terms prior to the sale in question, 3, plaintiff did not abandon the listing, and 4, plaintiff exercised due diligence.

I. The action here is at law tried to the court without a jury. The findings of fact of the court have the effect of a special verdict, rule 334, Rules of Civil Procedure, and are binding upon us if supported by substantial evidence, rule 344(f)1, Rules of Civil Procedure.

The burden was on the plaintiff to prove the contract, rule 344(f)5, Rules of Civil Procedure. And in considering whether such burden has been carried in this instance he is entitled to have his evidence given the most favorable construction it will reasonably bear, rule 344(f)2, Rules of Civil Procedure. Ritland v. Security State Bank, 257 Iowa 21, 23, 131 N.W.2d 464, 466.

██ Plaintiff produced the writing above set out. Both parties concede it is ambiguous as the trial court held. From plaintiff's testimony and the actions of defendant the trial court could properly find the contract gave plaintiff an exclusive right to sell and obligated defendant to pay a commission upon any sale whether effected by plaintiff, defendant or anyone else. The evidence shows three sales before the one in question. Two of the sales were by another realtor but commissions were paid plaintiff and the transactions handled through him. The third was effected by defendant and he paid plaintiff an agreed reduced commission of $1000 on this sale. From the foregoing and paragraphs (3) and (4) of the writing set out above, which otherwise would have been unnecessary, the court could properly find the contract gave plaintiff an exclusive right to sell. See Metcalf v. Kent, 104 Iowa 487, 73 N.W. 1037, and Stromberg v. Crowl, 257 Iowa 348, 351, 132 N.W.2d 462, 463, 464.

II. Defendant contends the contract expired by its terms on September 8, 1961. His principal argument is based on paragraph 8 on the back of the offer to Schiltz Development Company. The first eight paragraphs on the back of the offer clearly

pertain to the offer to buy from the Development Company. They are designated by Arabic numerals 1 through 8 inclusive followed by a period, thus, "8. Contract shall be cancelled September 8, 1961, if all lots have not been transferred."

Then follow four paragraphs designated by Arabic numerals 1 through 4, each numeral enclosed in parentheses followed by a period as set out above.

It is true as urged by defendant the listing contract would be at an end if defendant did not purchase the lots by September 8, 1961, because he would have no lots to sell. However, if he did buy them, which he did, by the provision in (1) the listing with Kuehnle Realty would continue for the period of time necessary to complete a house plus six months. No other construction would give import to all the language used. Defendant did, according to plaintiff's testimony, attempt to buy up plaintiff's listing contract in the late summer or early fall of 1961. This is inconsistent with defendant's claim the listing contract was to expire September 8, 1961. The evidence of defendant's conduct in addition to the writing is sufficient to sustain the trial court. The evidence shows defendant's then interpretation of the contract. Miller v. Geerlings, 256 Iowa 569, 579, 128 N.W.2d 207, 213.

III. Defendant contends the listing contract was abandoned as a matter of law because Richard Schiltz left his association with plaintiff and plaintiff became a stockholder in a real-estate brokers corporation. Part of this argument is based on the thought plaintiff and Richard Schiltz were partners. There was evidence that on this transaction they were sharing profits and losses actually expended, none that they were partners under the firm name of Kuehnle Realty, the name under which plaintiff dealt with defendant. It is undoubtedly true Mr. Schiltz brought this business to Kuehnle but the evidence is such as to sustain a finding, necessarily implied in the trial court's ruling, that they were not partners. Likewise, the mere association of plaintiff with the realty corporation did not necessarily dissolve Kuehnle Realty, a sole proprietorship. Plaintiff testified he continued the operation of Kuehnle Realty during the time he was associated with the corporation. There are no admitted facts or verities in

None

the record that require finding this testimony cannot be true. See Lamb v. Standard Oil Co., 250 Iowa 911, 913, 914, 96 N.W.2d 730, 731.

We cannot hold as a matter of law there was a partnership or defendant was so led to believe. Nor can we under the record, as a matter of law, hold plaintiff's association with the corporation was such as to amount to an abandonment of the contract. This case does not come within Wetherell Bros. Co. v. United States Steel Co., 105 F. Supp. 81, wherein one corporation dissolved, distributed its assets to the stockholders, and the stockholders sold the assets including an assignment of a contract with the defendant making the dissolved corporation the exclusive selling agent of defendant. The court there held the assignment was not effective as against defendant without its consent.

IV. Defendant further contends the plaintiff failed to exercise due diligence in connection with the duties imposed on him under the contract and thereby forfeited his right to a commission upon sales by defendant. Defendant so pleaded affirmatively. The burden of proof is on him, rule 344(f)5, Rules of Civil Procedure. Dezsi v. Mutual Benefit Health & Accident Association, 255 Iowa 1027, 1030, 125 N.W.2d 219, 221. It may be conceded here the test set forth in Huchting v. Rahn, 179 Wis. 50, 54, 190 N.W. 847, 848, as contended by defendant is proper. In Huchting the plaintiff had a contract to sell defendant's property similar to the one in this case. The test there set out is, "Did the agent, during the period of the agency or prior to the actual sale, exercise such care, skill, and diligence required of him under the law of agency as would amount to a bona fide effort?" The following sentence is, "* * *, whether or not an agent exercised the proper degree of care, diligence, skill, and good faith in the execution of his agency, under an exclusive-agency contract, is ordinarily a question for the jury."

What plaintiff or his employee did in relation to the listing contract is one of fact. The evidence is such the trial court could properly find extensive activity including advertising by plaintiff until in the month of September 1961. There was no evidence of what, if anything, plaintiff did until in early 1962 when Richard Schiltz contacted defendant in an effort to learn the

price of and show the house in question here. And that plaintiff was prevented by defendant from showing the house. The evidence is not such as we can disturb the finding of the trial court. —Affirmed.

All JUSTICES concur.