Beverly F. SCHEER, Conservator in the Matter of the Conservatorship of Evelyn A. Hammers, An Adult, Appellant,

v.

Gordon R. SWANSON and Fidelity and Deposit Company of Maryland, a Corporation, Appellee.

No. 55700.

Supreme Court of Iowa.

July 3, 1973.

J. Henry Elk and Patrick C. McCormick, Sioux City, for appellant.

Corbett, Corbett & Anderson, Sioux City, for appellee.

Submitted to MOORE, C. J., and MASON, REES, REYNOLDSON and HARRIS, JJ.

MASON, Justice.

Beverly F. Scheer was appointed conservator of the property of Evelyn A. Hammers, an adult, by the Woodbury District Court on March 18, 1968. April 4, she filed a petition in her fiduciary capacity against Gordon R. Swanson and Fidelity and Deposit Company of Maryland. As amended, the petition prayed for judgment against defendants for $30,660 and for such further relief as plaintiff might be entitled to in equity. No decree was entered against Fidelity and Deposit Company of Maryland. It is not involved in this appeal.

Swanson had been appointed temporary guardian of the estate of Mrs. Hammers August 25, 1958 and that guardianship was made permanent October 9. Thereafter, Swanson assumed possession and management of Mrs. Hammers' property and affairs and continued to act in that capacity until later discharged. Swanson had also been appointed substitute guardian for Mrs. Hammers' two minor children.

After a series of pleadings, amendments, motions, orders and rulings, the matter was transferred on defendant's motion to the equity docket August 2, 1968.

The matter was tried and submitted to the court September 28, 1970, and taken under advisement. February 23, 1971, the court issued a decree, findings of fact and conclusions of law which required Swanson to make and submit a more detailed accounting of his handling of the financial affairs of Evelyn A. Hammers.

After a series of reports, amendments, motions and objections, the court filed a supplemental decree on January 10, 1972, which confirmed and approved the accounting of Swanson and dismissed plaintiff's petition.

Plaintiff appeals from the court's decree.

Some factual background leading to the conservator's action could be helpful.

Edwin H. Hammers died intestate December 8, 1946, survived by his spouse, Evelyn A. Hammers and two children, Lillian L. Hammers, born in 1942, and Edwin H. Hammers, Jr., born in 1944. The surviving spouse was appointed administrator of Mr. Hammers' estate. At the time of his death he owned personal property consisting of bank stocks and United States saving bonds and eight tracts of unencumbered real estate. He was debt free.

In June 1948 when the estate was about to be closed, Evelyn A. Hammers was appointed guardian of the property of the two minor children. She continued to act as such guardian and filed her annual reports up to 1953. Starting that year she filed no reports because she was hampered at various times by hospitalization and mental difficulties. About August 15, 1958, her daughter, then Lillian L. Fehrman, filed a petition alleging that her mother was in the psychiatric ward of a Sioux City hospital and was unable to manage her affairs and asked for the appointment of a temporary and permanent guardian.

A guardian ad litem was appointed and notice given as provided by statute. After decreeing Evelyn A. Hammers to be incompetent the court appointed Gordon R. Swanson guardian.

February 13, 1959, Mrs. Hammers, by her attorney, J. Allen Orr, filed application asking termination of the guardianship as to her. A doctor's statement expressing the opinion Mrs. Hammers was competent and able to conduct her own affairs accompanied the application. April 16, the district court discharged Mrs. Hammers from guardianship.

November 19, Mrs. Hammers was adjudged to be mentally ill and was ordered to be transferred to the Mental Health Institute at Cherokee. Mrs. Hammers remained at the institute until March 26, 1961, when she was released on a one-year convalescent leave. A second, consecutive convalescent leave was granted which ex-

pired on March 26, 1963. On that date she was discharged as recovered.

Following the order of April 16, 1959, which purportedly terminated the guardianship, Swanson filed a supplemental final report on March 17, 1960. On April 21, 1960, the court conducted a hearing on the report and decreed that the net proceeds from the sale of real estate owned in common by Mrs. Hammers and her two children should be deposited in a separate checking account.

Mrs. Hammers apparently desired that her brother, Arvid S. Horn, act as her guardian, and on February 5, 1960, submitted a written application to have him so appointed. Letters of guardianship were issued to him that day.

Swanson filed another supplemental final report on February 23, 1961, and on that date obtained an ex parte order discharging him.

The only assets involved in this appeal are the $2000 insurance settlement paid to Swanson and the eight tracts of real estate in which Mrs. Hammers owned an undivided one-third interest and which are identified as follows: (1) Tract I: a lot in Allen, Nebraska; (2) Tract II: farmland in Nebraska; (3) Tract III: farmland in Nebraska; (4) Tract IV: farmland in Plymouth County, Iowa; (5) Tract V: a lot in Woodbury County, Iowa; (6) Tract VI: a lot in Woodbury County, Iowa; (7) Tract VII: farmland in South Dakota; (8) Tract VIII: lots in Nebraska.

Tracts I, II, III and IV were conveyed by Mrs. Hammers by warranty deed to her daughter on April 19, 1961, for a total sum of $30,000 according to plaintiff's amended petition.

Tracts V and VI were sold under court authorization and on November 22, 1960, Horn, as guardian, conveyed the land by deed. Tracts VII and VIII were sold by Horn as guardian on August 4, 1960, under the authority of the proper court in South Dakota and Nebraska, respectively. Mrs. Hammers was, of course, confined in the Mental Health Institute when Horn conveyed these tracts of land.

Plaintiff states Swanson opened a checking account as instructed by the court's order of April 21, 1960, but never deposited any proceeds from the sales of the property.

In its decree entered on February 23, 1971, the trial court ordered that Swanson file within thirty days thereafter a report showing:

"1. An inventory of the personal property in said guardianship and the disposition of said personal assets.

"2. A statement showing the receipts and disbursements of said guardian from the sale of any real estate.

"3. An explanation of the receipts and disbursements in the joint account set up as a part of the court order of April 21, 1960."

The supplemental report filed by Swanson on June 11, 1971, was deemed inadequate and he was directed to file additional information. Swanson amended his report October 4 and January 10, 1972, the court entered its supplemental decree finding the accounting by Swanson "satisfactory" and dismissed plaintiff's petition.

Plaintiff relies on five issues for review: (1) the trial court mistakenly placed the burden of proof on the plaintiff-appellant to prove that the defendant-appellee as guardian had not made a full and complete report of the real property sale proceeds; (2) trial court ignored and disregarded the evidence in the record that disclosed that Evelyn A. Hammers, Conservatee, was an adjudicated incompetent adult from August 25, 1958, to March 25, 1963; (3) the court's finding that no fraud was practiced on the court and on the ward is erroneous; (4) the court's action in overruling the plaintiff-appellant's motion to strike filed June 28, 1971, the alleged contract exhibit "A" attached to defendant-appellee's sup-

plemental report filed June 11, 1971, since it was not offered or admitted in evidence during the trial; and (5) the district court did not have jurisdiction to appoint Arvid S. Horn guardian on February 5, 1960.

As we understand from the foregoing propositions, it is plaintiff's position the trial court's ruling of January 10, 1972 dismissing her petition is erroneous since the accounting of defendant should not have been approved and confirmed for one or more of the reasons stated in the propositions assigned.

█ In equity matters, such as this, where our review is de novo, rule 334, Rules of Civil Procedure, it is our responsibility to review the facts as well as the law and adjudicate rights anew on those propositions properly presented, provided issues have been raised and error, if any, preserved in the trial court proceedings. While weight will be given to findings of the trial court this court will not abdicate its function as triers de novo on appeal. In re Marriage of Williams, 199 N.W.2d 339, 346 (Iowa 1972).

█ I. We will first consider plaintiff's fourth assignment inasmuch as her attack on the trial court's order approving and confirming defendant's October 4, 1971 supplemental report is predicated to a large extent on the court's failure to strike a contract identified in the record as exhibit "A."

Defendant had alleged in his original answer that on April 18, 1961 after hearing on her petition Evelyn A. Hammers had been adjudged competent and capable of looking after her own affairs.

He asserts that following this adjudication in her guardianship proceedings, Mrs. Hammers, her daughter, Lillian Hammers Fehrman Waddell, and defendant as guardian of Edwin H. Hammers, Jr., entered into an agreement as to the amount of indebtedness due from Evelyn A. Hammers to her daughter and her son and settled the property rights of the three parties, all of which is set out in the guardianship proceedings involving the two minor children.

In response to a ruling on plaintiff's motion to make more specific, defendant in an amendment to his answer alleged he had temporarily misplaced his signed copy of the agreement and alleged the "gist" of the agreement between Mrs. Hammers and her two children. Thereafter, plaintiff denied the validity of such an agreement. In answer to a supplemental amendment to plaintiff's petition defendant attached a copy of the alleged contract, exhibit "A," dated April 21, 1961, and alleged the sale proceeds ordered by the court on April 20, 1960, to be deposited by defendant in a separate checking account were disposed of in accordance with that agreement.

In its initial findings of fact of February 23, 1971, the court noted the contract "was never identified, offered or received into evidence" in the trial on issues presented by plaintiff's petition and defendant's answer. It is conceded the exhibit was not offered or received in evidence during that trial.

Plaintiff now contends the court should have stricken the alleged contract from the supplemental report since it was not offered or admitted into evidence at time of trial and is not part of the record in this case. She argues the agreement was offered by defendant as an affirmative defense which, of course, must be proven.

No authority is cited by plaintiff for her contention the contract was in the nature of an affirmative defense and it is difficult to construct such an argument.

The contract was relevant and closely tied to the accounting by Swanson and it was properly considered solely for that purpose.

Plaintiff's fourth proposition is without merit.

II. Plaintiff asserts in her second proposition the court ignored and disregarded

the record which disclosed that Evelyn A. Hammers was an adjudged incompetent adult from August 25, 1958 to March 26, 1963.

Neither in her brief nor in her reply brief does plaintiff indicate the purpose of this division.

Defendant surmises plaintiff intends to argue she was incompetent on April 21, 1961, the date of the alleged contract with her children. However, that contention is neither explicitly nor implicitly raised by plaintiff on this appeal.

Assuming defendant's guess is correct, the record discloses that Evelyn A. Hammers was twice adjudicated competent before March 26, 1963. The first such adjudication was made April 16, 1959. Plaintiff appears to argue this adjudication is invalid because she made application for such adjudication less than six months after creation of her guardianship in violation of section 670.11, The Code, 1958, which provides:

"Petition to terminate. At any time, not less than six months after the appointment of such guardian, the person under guardianship may apply to the court, or any judge thereof, by petition, alleging that he is no longer a proper subject thereof and asking that the guardianship be terminated."

Although Mrs. Hammers, by her attorney, filed application on February 13, 1959, asking for termination of the guardianship as to her, the order discharging her was not entered until April 16, more than six months after inception of the guardianship.

There is another reason why we conclude plaintiff's assignment is deemed to be without merit. As pointed out, defendant had alleged in his original answer that after hearing on her petition Evelyn A. Hammers had been adjudged competent and capable of looking after her own affairs April 18, 1961. Plaintiff in reply had denied this allegation.

However, in the final report of Arvid S. Horn as guardian of Mrs. Hammers it was alleged in paragraph 3 "that the incompetent [Mrs. Hammers] has been declared to be competent upon hearing before this court." The report was approved, signed and verified by Mrs. Hammers April 21, 1961.

■ Based on our de novo review in this matter we conclude Evelyn A. Hammers was competent to enter into an agreement on April 21, 1961.

Plaintiff's proposition cannot be sustained.

III. In support of her first proposition plaintiff argues the court's ruling of January 10, 1972, dismissing her petition appears to be based on the court's statement therein that "there is nothing before this court to show the ward did not receive the property or its benefit." From this, plaintiff insists the court mistakenly placed the burden on her of proving defendant as guardian had not made a full and complete report of the real property sale proceeds.

Neither party quarrels with the legal principle enunciated in In re Guardianship of Morris, 228 Iowa 646, 649, 292 N.W. 836, 837, that the burden is on the guardian to "account" for his stewardship.

Plaintiff had filed objections to defendant's supplemental report of June 11, 1971, pointing out wherein she maintained defendant had failed to account for certain assets belonging to the guardianship. September 10, 1971, the court entered an order stating "it is the conclusion of the court that the report is not in sufficient detail so that the court can make a determination" as to the merits of plaintiff's objections to the report. Defendant was then given until October 8 to file further report. On that date defendant filed an amendment to the report which was ultimately approved January 10, 1972.

The court did not impose on plaintiff the burden of showing an account of the

ward's interest but rather determined defendant's accounting was "satisfactory." As a matter of fact, throughout the maze of proceedings in the guardianship of Evelyn A. Hammers each time plaintiff filed objections to a report offered by Swanson the court ordered him to make further explanation of his administration until his report of October 4, 1971, met the demands of the district court. The burden of furnishing a satisfactory report was always on Swanson.

In any event, in reaching our independent determination in this matter this court has placed the burden of proof on Swanson in accordance with the rule announced in In re Guardianship of Morris to account for his stewardship.

The matter urged by plaintiff in this proposition cannot serve as a basis for reversal.

IV. Plaintiff asserts in her third proposition Swanson practiced fraud on the district court in filing his supplemental report on February 23, 1961, pursuant to which he was discharged as guardian. Plaintiff does not construct an argument on the basis of evidence establishing the several elements necessary to constitute fraud. Rather, she claims Swanson's failure to include within his written report the fact Mrs. Hammers was confined in the Mental Health Institute, and that Mrs. Hammers was then the owner of real property that required management, warrants a finding of fraud.

■ Fraud cannot be presumed but the essential elements thereof must be affirmatively proved by the one who relies on fraud either for purpose of defense or attack. Hall v. Wright, 261 Iowa 758, 766, 156 N.W.2d 661, 666.

This statement from First National Bank in Lenox v. Brown, 181 N.W.2d 178, 181 (Iowa 1970), is apposite to plaintiff's proposition:

"Proof essential to establish fraud in law and in equity is distinguishable.

"In law actions there must ordinarily be proved, (1) representation; (2) falsity; (3) materiality; (4) scienter; (5) intent to deceive; (6) reliance; (7) resulting injury and damage. * * * [citing authority]

"The rules are less strict, however, in equity. Fraud may there be constructed from circumstances, whereas the law must find it as a fact. Furthermore, equity may grant relief absent a showing of scienter or pecuniary damage. * * * [citing authorities]"

■ In our review of this matter we conclude plaintiff failed to sustain her burden of establishing fraud as alleged in her petition.

V. In her remaining proposition plaintiff seeks to have the appointment of Arvid Horn as guardian on February 5, 1960, declared invalid to prevent Horn and Horn's attorney, J. Allen Orr, from recovering compensation as a charge against the property of Mrs. Hammers.

Plaintiff argues the court lacked jurisdiction to appoint Horn as guardian February 5, 1960, because, (1) Swanson was the guardian of Mrs. Hammers at that time; and (2) no notice of the proceeding on February 5, 1960, was given Mrs. Hammers.

As to her first contention there is a dispute as to whether Swanson was discharged by order of court dated April 16, 1959, which provided:

"IT IS THEREFORE ORDERED that the ward herein be discharged from the guardianship herein; that upon presentation by the guardian and his attorneys for proper fees and upon the allowance of fees herein, the same shall be taxed as a part of the costs herein, and that upon payment of the costs and fees herein, this guardianship shall terminate, the guardian be discharged and his bondsman released."

As pointed out, Mrs. Hammers had filed application February 13, 1959, asking termination of the guardianship. The April 16 order was the result.

As to her second contention Mrs. Hammers petitioned the court to have her brother appointed as guardian. No notice was necessary.

The expenditures contested here were made September 30, 1960 through April 19, 1961 and consist of the following: (1) September 30, bond premium for Horn, $18; (2) October 25, bond premium for Horn, $55; (3) March 4, bond premium for Horn, $12.50; (4) March 19, attorney fees for Horn's attorney as guardian, $750.00; and (5) April 19, fees of Horn for services rendered as guardian, $200.00. As near as we are able to determine from the record, these expenditures were all approved by court order.

We are unwilling to say Swanson was not justified in paying Horn and Orr for services rendered in their respective capacities.

The assignment is without merit.

We conclude that the accounting made by Swanson was satisfactory and should be approved and that plaintiff's petition should be dismissed.

The case is therefore—affirmed.