CLINTON LAND COMPANY, a Partnership; R.H. Reimers, a Partner; and John Campbell, a Partner, Appellants,

v.

M/S ASSOCIATES, INC., a Corporation, d/b/a Maas and Associates; and Stephen Suter, Appellees.

No. 68226.

Supreme Court of Iowa.

Nov. 23, 1983.

Dwight W. James and William A. Wickett of James & Galligan, P.C., Des Moines, for appellants.

Ronald W. Wendt of Nazette, Hendrickson, Marner & Good, Cedar Rapids, and James L. Hansen of Swift, Minear & Hansen, Des Moines, for appellees.

Considered by REYNOLDSON, C.J., and HARRIS, McCORMICK, SCHULTZ, and CARTER, JJ.

HARRIS, Justice.

A familiar rule places on persons in a fiduciary capacity the burden to show fair dealing in all matters within the fiduciary obligation. The question here is the effect of that rule when the fiduciary is a real estate broker who is not charged with self dealing. The trial court instructed that the burden was with the sellers who sued the broker.

Plaintiffs were owners of a Clinton, Iowa, motel. Defendants were real estate brokers the plaintiffs engaged to find a buyer for the motel. A buyer was found and an offer and acceptance agreement was signed. Plaintiffs thereafter declined to perform, claiming the buyer had backed out of the sale. The buyer did not back out. Instead he sued plaintiffs and obtained a decree for specific performance and recovered consequential damages. Plaintiffs then brought this suit seeking indemnification for the loss and for the costs of defending the buyer's earlier suit. Plaintiffs claim the defendants failed to properly represent their interests and to keep them accurately informed about the sale. The case was tried to a jury which found for defendants on plaintiffs' claim and in favor of defendants' counterclaim for their commission on the sale. Plaintiffs appeal. All assignments challenge jury instructions.

After the motel was listed defendant agency assigned responsibility for the sale to its employee, defendant Stephen Suter. Suter dealt with Richard Reimers, a plaintiff partner who is also a former real estate broker, and with Redge Berg, plaintiffs' attorney. Suter soon found a potential buyer, Russell Wunschel, an attorney and friend of Berg.

After a month of negotiations Reimers and Wunschel entered into the offer and acceptance agreement. The agreement contained a number of provisions and conditions. One condition, included at Wunschel's insistence, was that the sale be contingent upon Wunschel's finding a lessee for the motel lounge and restaurant prior to possession. Possession was to be transferred April 15, 1978. A formal contract was to be signed on or before then.

Negotiations between Wunschel and Suter continued until after the April 15 deadline had passed. No further contract was signed. A spirited dispute in the earlier suit concerned Wunschel's claim, and Suter's denial, that before the deadline passed Wunschel orally waived the condition that a lessee for the lounge and restaurant be found.

Another dispute involved a written contract tendered by Wunschel but rejected by the sellers. It contained nine or ten items which the sellers thought to be "discrepancies" at variance with the signed offer and acceptance agreement.

In general, then, there were three versions of the transaction: the sellers'; the buyer's; and the real estate agents'. The sellers contended that Wunschel, as a potential buyer, for reasons of his own, was refusing to perform or to be bound to perform according to the offer and acceptance agreement. Wunschel, as buyer, contended that he openly agreed to be bound, worked out the problem about leasing the lounge and restaurant, did not press for the items the sellers considered to be discrepancies, and most importantly, communicated his cooperation to Suter.

The version of the real estate agency was close to that of the sellers' except for one

crucial aspect. In the present suit a dispute developed over whether the agency passed along to the principals all the vital information received from Wunschel. A part of this dispute involved the extension of the closing date. The sellers insist they did not agree to an extension; the agency said the extension was made by Suter with the sellers' understanding.

It was for the jury to sift through these conflicting stories and decide whether the breakdown which led to the earlier suit was because of a failure on the part of the agency or a failure on the part of the sellers. Under the former version the agency acted in bad faith in keeping the seller uninformed of the problems and negotiations, apparently because a substantial commission was at stake. Under the agency's version it acted in good faith, made full disclosure, and fully performed its obligation to procure a ready, willing, and able buyer. The difficult question for the trial court was how to instruct the jury on who had the burden of establishing these versions of the facts.

The trial court placed the burden of proof squarely on the plaintiffs. Two theories of recovery were submitted: (1) breach of fiduciary duty; and (2) fraudulent misrepresentation. In both counts the trial court instructed on the elements of recovery.[1] For both counts the trial court instructed that it was the sellers' burden to establish them "by a preponderance of clear and convincing evidence."

■■ I. Our review is on error. Iowa R.App.P. 4 (1983). A misstatement of law in a jury instruction is reversible error. *Heldenbrand v. Executive Council of Iowa,* 218 N.W.2d 628, 639 (Iowa 1974). A trial court is free to phrase instructions in its own words so long as the instructions fully and fairly inform the jury of the issues and applicable law. *Greninger v. City of Des Moines,* 264 N.W.2d 615, 617 (Iowa 1978).

All instructions must be read and construed together, not piecemeal or in artificial isolation. *Id.*

■■ The trial court has a duty to instruct with reasonable fullness on pleaded issues supported by substantial evidence. *Lockard v. Carson,* 287 N.W.2d 871, 875 (Iowa 1980). It is, however, error to instruct upon an issue having no substantial evidential support or which rests on speculation. *Miller v. International Harvestor Co.,* 246 N.W.2d 298, 300–01 (Iowa 1976). An issue need not be submitted in more than one form. *Porter v. Iowa Power & Light Co.,* 217 N.W.2d 221, 233 (Iowa 1974). Even correct statements of law, if repeated to the point of undue emphasis, may constitute reversible error. *Eickelberg v. Deere & Co.,* 276 N.W.2d 442, 447 (Iowa 1979).

■ II. A real estate broker's relationship with the seller is that of an agent to a principal. Included in the relationship is a strict duty of undivided loyalty and disclosure. *Miller v. Berkoski,* 297 N.W.2d 334, 338 (Iowa 1980); Restatement (Second) of Agency § 381 (1958). The relationship is confidential and fiduciary. *Miller,* 297 N.W.2d at 339.

Plaintiffs point to authorities which hold that fiduciaries assume a burden not shared by others haled into court. According to these authorities, because of the nature of the relationship, a fiduciary's accuser is spared an accuser's ordinary burden; when violations of fiduciary duty are the subject of controversy the fiduciary "must establish he properly discharged his obligation." *Rowen v. LeMars Mutual Insurance Co. of Iowa,* 282 N.W.2d 639, 647 (Iowa 1979). *See also Des Moines Bank & Trust Co. v. George M. Bechtel & Co.,* 243 Iowa 1007, 1081, 51 N.W.2d 174, 216 (1952). *See generally* 12 C.J.S. *Brokers* § 82a (1980).

---

1. *See Wilden Clinic, Inc. v. City of Des Moines,* 229 N.W.2d 286, 292 (Iowa 1975) (elements for fraudulent misrepresentation). In *Linge v. Ralston Purina Co.,* 293 N.W.2d 191, 195 (Iowa 1981), we noted that breach of fiduciary duty has been recognized as an independent tort in other jurisdictions but that we had never been called upon to recognize the recovery in Iowa. The same situation exists in this case. Because no party has presented or briefed this issue, we reserve for an appropriate case the determination of whether such a right of recovery exists.

■ But the burden does not shift automatically. *See, e.g., Poulsen v. Russell,* 300 N.W.2d 289, 294–95 (Iowa 1981). The shift does not occur simply by reason of the label attached to the relationship. Rather, the shift results from facts that often occur in such a relationship. There is no shift of the burden unless, under the facts presented, the fiduciary is shown to be in a position to take advantage over the principal, or appears to have closer access to the facts. *See* 37 Am.Jur.2d *Fraud and Deceit* § 441 (1968). The line of demarcation seems to be at the point where there is some indication of self dealing by the fiduciary or where the fiduciary is sued for an accounting of entrusted funds. *See Holi-Rest, Inc. v. Treloar,* 217 N.W.2d 517, 525 (Iowa 1974).

■ We think a broker bears the burden of persuasion when the principal produces substantial evidence of self dealing or breach of stewardship. The burden in this case, however, was rightly left with the plaintiffs notwithstanding the fiduciary nature of the relationship. The trial court separately instructed the jury of a broker's duty of undivided honesty, loyalty, and disclosure. The principals' showing did not include substantial evidence of self dealing or breach of stewardship.[2] It remained incumbent upon the plaintiffs-principals to establish the elements of their claims.[3]

■ III. The same principle applies to the brokers' counterclaim for commission. Ordinarily the burden is upon a principal to establish a fraud charge urged in defense of a suit for commission. 12 C.J.S. *Brokers* § 212 (1980). Our own cases have left the burden upon such a principal to establish by way of defense that a broker served as dual agent. *Wareham v. Atkin-*

son, 215 Iowa 1096, 1100–01, 247 N.W. 534, 536 (1933); *Rasmussen v. Hansen,* 176 Iowa 26, 34, 157 N.W. 154, 158 (1916). More recently we held that a property owner sued for a broker's commission had the burden of proving the affirmative allegation in his answer that the broker failed to exercise due diligence. *Kuehnle v. Schromen,* 258 Iowa 989, 993, 140 N.W.2d 188, 191 (1966).[4]

The assignment is without merit.

IV. Other assignments are answered or affected by what we have said. Another assignment involves an instruction that plaintiffs had to establish by clear and convincing evidence they were in no way at fault at causing litigation with Wunschel.

The question arises on plaintiffs' claim of fraudulent misrepresentation. In connection with this claim the jury was instructed of the essential elements necessary to recover for fraud. *See Wilden Clinic, Inc.,* 229 N.W.2d at 292. The trial court then added two more elements. Plaintiffs were required also to show that (1) the Wunschel litigation was caused solely by defendants' conduct, and (2) the plaintiffs were not in any way at fault in causing the Wunschel litigation.

■ Defendants justify the two additional elements on the basis of our cases which outline the right to recover against one who tortiously causes another to bring or defend against a court action. *See Sweeny v. Pease,* 294 N.W.2d 819, 821 (Iowa 1980); *Peters v. Lyons,* 168 N.W.2d 759, 769–70 (Iowa 1968); *Rauch v. Senecal,* 253 Iowa 487, 491, 112 N.W.2d 886, 888 (1962); *Turner v. Zip Motors,* 245 Iowa 1091, 1097–98, 1101, 65 N.W.2d 427, 431, 433 (1954). It is true that such a recovery ordinarily is

---

2. A special duty exists for a fiduciary to account in matters of stewardship. *See Harvey v. Leonard,* 268 N.W.2d 504, 516 (Iowa 1978). This burden arises without any necessity of proof by the principal of bad faith. *See Scheer v. Swanson,* 209 N.W.2d 53, 57–58 (Iowa 1973). It is a strict burden similar to a bailee's burden to explain why goods were damaged. *See* W. Prosser, Law of Torts § 38 (1971).

3. We do not suggest that the elements of negligent breach of fiduciary duty must be established by clear and convincing evidence. The "clear and convincing" proof required under the instructions was not challenged on appeal.

4. The trial court, instructing on the brokers' counterclaim for commission, told the jury it was the sellers' duty to negate the broker's showing by "a preponderance of clear and convincing evidence." Again the level of proof required was not challenged on appeal.

unavailable to one who was at fault in causing the litigation. *Peters,* 168 N.W.2d at 770. We have previously explained that the burden did not shift to defendant broker and believe the trial court properly instructed on the issue. The assignment is without merit.

V. An identical addition was made to the trial court's separate instruction on plaintiffs' claim of breach of fiduciary duty. The trial court listed the elements of that recovery and again made the same two additions. Once more plaintiffs were required also to show ·the litigation was caused solely by defendants' conduct and that plaintiffs were not in any way at fault in causing the Wunschel litigation.

For the same reasons explained in the preceding division we conclude it was not error to add the two elements as a part of the breach of fiduciary claim.

VI. We have considered other challenges to the instructions. To detail them would unduly extend this opinion. They are rejected under the principles outlined in Division I in that they would call for undue repetition of an instruction, or would call for an instruction on a matter unsupported by substantial evidence.

AFFIRMED.