Connie J. JENSEN and Robert V. Jensen, Individually and as Parents and Natural Guardians of Candice J. Jensen, Plaintiffs-Appellants,

v.

Dennis CRABB, Executor of the Estate of D.N. Crabb, Deceased, Defendant-Appellee.

No. 84–1125.

Court of Appeals of Iowa.

Nov. 26, 1985.

William C. Ball and Philip A. Hershner of Ball, Kirk, Holm & Nardini, Waterloo, for plaintiffs-appellants.

Marvin F. Heidman and Margaret M. Prahl of Eidsmoe, Heidman, Redmond, Fredregill, Patterson & Schatz, Sioux City, for defendant-appellee.

Heard by DONIELSON, P.J., and SCHLEGEL, and HAYDEN, JJ.

HAYDEN, Judge.

Plaintiffs appeal from an adverse judgment in a medical malpractice action. They assert that 1) several of the trial court's instructions were in error, 2) evidence does not support the verdict, and 3) the defense attorney committed prejudicial misconduct during the final argument. We reverse and remand for a new trial.

Connie and Robert Jensen, the plaintiffs in this action, are the parents of a girl, Candice, born in 1975. Shortly after her birth, Candice was found to have skull fractures resulting from the delivery process. These fractures were treated with apparent success; however, as Candice grew older, certain learning disabilities became evident. The Jensens and their experts believe that the learning disabilities result from the skull fractures at birth.

In 1979, the plaintiffs filed a claim in probate against the estate of the doctor who had delivered the child. They allege that the doctor committed medical malpractice in negligently using forceps during the delivery. The case was eventually transferred to district court for trial. The jury returned a verdict for the defendant; the Jensens have appealed from the resulting judgment.

## I.

One of the alleged errors raised on appeal is that it was inappropriate for the trial court to give an instruction on negligent diagnosis. Specifically, the Jensens claim 1) that there was no factual basis for the instruction, and 2) that the instruction was confusing since their contentions of malpractice, as set forth in jury instruction 18, were not based on misdiagnosis.

At the outset, we address the defendant's claim that error was not preserved by the Jensen's objection at trial:

Okay. We object to Instruction No. 20— on the following grounds: That this plaintiff has not alleged nor has this jury been instructed that there was any error in diagnosis; number two, that this—or not number two—number one, just say this is my objection that the jury has not been—will not be instructed that there was any error in diagnosis nor is that plaintiffs' contention; that in order for the jury to be instructed that an error in diagnoses and treatment in and of itself does not constitute negligence and that a mistake in diagnosis and treatment is—is not negligence, it would be necessary that his—that the—there be alleged indications that the—there was a mistake in diagnosis, which is not the contention of the plaintiff in this case. It being the contention of the plaintiff in this case there was a mistake in terms of choice of treatment—in terms of management of the birth as well as unskillful use of and improper use of forceps.

Defendant contends that this objection is much narrower than the grounds now raised on appeal. He claims that we should not consider arguments concerning insufficiency of evidence and the inconsistency of the misdiagnosis instruction with instruction 18, which sets forth the allegations of malpractice. We disagree.

In considering the sufficiency of an objection to preserve error, "the test is whether the exception taken alerted the trial court to the error which is urged on appeal." *Goetzman v. Wichern*, 327 N.W.2d 742, 745 (Iowa 1982), *quoting Dutcher v. Lewis*, 221 N.W.2d 755, 759 (Iowa 1974). The purpose is "to afford the trial judge an opportunity to catch exactly what is in counsel's mind and thereby de-

termine whether the objection possesses merit. . . ." *Goetzman*, 327 N.W.2d at 745 (quoting *State v. Baskin*, 220 N.W.2d 882, 886 (Iowa 1974)). We believe the plaintiffs' objection met these standards, thereby preserving error. While the objection could have been phrased with more particularity, it was sufficient to alert the trial judge to the error urged on appeal. This is all that is required. Accordingly, we reach the merits of the Jensen's claim.

## II.

The trial court's instruction 20 explained negligence as follows:

> You are instructed that a doctor cannot be found negligent merely because he makes a mistake in the diagnosis and treatment of the patient. Any error in diagnosis and treatment, if you find any, does not in and of itself constitute negligence. For a doctor to be found negligent, it must be shown by a preponderance of the evidence that the doctor, in making his diagnosis and treatment, failed to follow the customary practice and procedure of doctors under similar circumstances. This is the standard by which the doctor is to be judged.

It is the plaintiffs' contention that there is no support in the record for an instruction on misdiagnosis. We note that the instruction in question refers to negligence based on mistreatment as well as misdiagnosis. However, insofar as the instruction deals with misdiagnosis, we are inclined to agree with the plaintiffs' argument.

The allegations of malpractice were set forth in instruction 18:

> Plaintiffs contend and the Defendant denies, that D.N. Crabb, M.D., was negligent in the following particulars: (1) In the unskillful use of forceps; (2) In proceeding with a difficult mid to high forceps delivery; (3) By using high forceps; (4) In using a variety of high forceps.

It is evident to this court that these allegations are based on mistreatment, specifical-ly, Dr. Crabb's use of "high" forceps during the delivery.[1] Some testimony indicates that at the time the forceps were used, Dr. Crabb had made a diagnosis of obstructed labor. Apparently, it is the Jensen's position that the correctness of this diagnosis is of little consequence. It is argued that the use of "high" forceps is inappropriate under *any* circumstances.

We have carefully reviewed the record and conclude that evidence presented at trial was consistent with this theory. Dr. Romaine L. Bendixen and Dr. Michael Hirsch testified for the plaintiffs. They indicated that use of high forceps was not an acceptable medical practice in 1974 under any circumstances. According to the plaintiffs' experts, the acceptable alternatives were to wait until the fetus descended further into the pelvis or to perform a Caesarean delivery.

Doctors testifying on behalf of the defendant also stated that use of high forceps was not an acceptable practice. However, in their opinion, Dr. Crabb had not done so. Rather, the defendant's experts testified that Dr. Crabb did not use forceps until the head of the fetus was properly engaged in the pelvis. Expert testimony for both parties would indicate that once engagement has taken place, use of forceps is acceptable.

It is evident from the record that the primary factual issue was whether Dr. Crabb had used "high" forceps. As the plaintiffs point out, his diagnosis of obstructed delivery was not relevant to this issue. Simply stated, Dr. Crabb's treatment was called into question, not his diagnosis.

■ An element of negligence must be supported by evidence before it can be submitted to the jury. *Clinton Land Company v. M/F Associates*, 340 N.W.2d 232, 234 (Iowa 1983). In the present case, there was no basis for an instruction on misdiagnosis. As such, any reference to diagnosis

---

**1.** According to the record, the term "high" forceps refers to use of the forceps before the head of the infant is engaged in the pelvis.

in instruction 20 should have been omitted; the failure to do so constitutes reversible error.

 Additionally, the fact that instruction 20 is inconsistent with the allegations of malpractice set forth in instruction 18 would also constitute reversible error. *See Sammons v. Smith*, 353 N.W.2d 380, 385 (Iowa 1984). It is impossible to determine whether the jury merely considered the question of negligent treatment or whether they thought it necessary to find Dr. Crabb negligent in his diagnosis as well.

We therefore conclude that the trial court erred in instructing the jury on misdiagnosis and the plaintiffs are entitled to a new trial. Because of our disposition on this issue, we find it unnecessary to address the remaining assignments of error.

REVERSED AND REMANDED.