Shirley PERKINS and George
Perkins, Appellants,

v.

John R. WALKER, Appellee.

No. 85–1863.

Supreme Court of Iowa.

May 13, 1987.

Steven K. Warbasse of White & Warbasse, P.C., Cedar Rapids, for appellants.

Gail D. Fokken and James E. Walsh, Jr. of Clark, Butler, Walsh & McGivern, Waterloo, for appellee.

Considered by REYNOLDSON, C.J., and HARRIS, SCHULTZ, CARTER and NEUMAN, JJ.

SCHULTZ, Justice.

In this appeal the patient, who suffered a stroke following surgery, initiated a tort action against her surgeon, seeking damages. Following entry of judgment on an adverse jury verdict, plaintiff appealed, complaining that the trial court improperly instructed the jury concerning a mistake in diagnosis and treatment of a patient, although the court at plaintiff's request had limited the determination of negligence to the doctor's failure to properly prepare her for surgery. The court of appeals reversed the trial court's judgment for defendant.

We vacate the decision of the court of appeals and affirm the trial court.

Plaintiff Shirley Perkins sought treatment of her lower back pain by defendant John Walker, an orthopedic surgeon. During the morning of September 5, 1979, Dr. Walker performed major surgery on plaintiff's back. At 2:00 p.m., during her postoperative care, plaintiff had a substantial drop in her blood pressure for a short period. Later that evening she suffered a stroke. Plaintiff's malpractice action against defendant is for damages suffered due to the stroke.

The foremost factual issue in the case was the cause of the stroke. Plaintiff presented testimony by medical experts that her stroke was a result of an adrenal crisis caused by the prior use of topical steroid skin creams in the treatment of her skin condition, psoriasis. These experts testified that a side effect of the long-term extensive use of a topical steroid is a suppression of the adrenal gland. A suppressed gland would not properly function in response to stress, such as the operation, and would allow the patient's blood pressure to drop, which in turn can result in a stroke. Her experts further opined that, in elective surgery on a patient using a steroid, the surgeon should either delay surgery and test for adrenal suppression or follow a procedure to "cover" the patient immediately prior to the surgery with cortisol injections to compensate for the gland's inability to function properly.

Defendant and his medical experts maintain that plaintiff was not suffering from an adrenal insufficiency and there was no relationship between the use of the skin cream and plaintiff's stroke. Specifically, plaintiff's dermatologist testified that the amount of steroids he prescribed would not be close to a sufficient quantity to cause adrenal suppression. The anesthesiologist believed plaintiff's drop in blood pressure corrected itself, indicating she did not have an adrenal insufficiency and that her stroke was not related to the drop in blood pressure. Further, he believed that she did not need the "cover" by cortisol injection before or during surgery. Additionally, defendant presented expert testimony concerning the side effects and complications that could result from giving the "cover" treatment, including a delay in healing and the risk of infection.

The sole issue on appeal concerns the validity of giving instruction 6B, which states:

You are instructed that a doctor cannot be found negligent merely because he makes a mistake in the diagnosis and treatment of a patient. Any error in diagnosis and treatment, if you find any, does not in and of itself constitute negligence. For a doctor to be found negligent, it must be shown by a preponderance of the evidence that the doctor, in making his diagnosis and treatment, failed to follow the customary practice and procedure of doctors in his specialty. This is the standard by which the doctor is to be judged.

This instruction was adapted with minor alterations from 1 Iowa Uniform Jury Instructions 13.9 (1975) (Chapter 13, containing medical malpractice instructions, was revised in November 1984 by the Uniform Court Instruction Committee of the Iowa State Bar Association; the revised chapter does not include the previous Uniform Instruction 13.9 in any form.). Uniform Instruction 13.9 was apparently derived from our holding in *Sinkey v. Surgical Associates*, 186 N.W.2d 658 (Iowa 1971), a malpractice action based on misdiagnosis. *Sammons v. Smith*, 353 N.W.2d 380, 384 (Iowa 1984).

This instruction has been referred to and commented on in several appellate decisions. When the instruction was narrowed by deleting any reference to diagnosis and thus covering only mistake in treatment, we held that it impermissibly conflicted with a *res ipsa loquitur* instruction. *Sammons*, 353 N.W.2d at 384–85. We specifically stated that we were not required in *Sammons* to determine whether the modified version of the instruction would be applicable in other circumstances. *Id.* at 384. The court of appeals, in a malpractice case grounded on negligent use of forceps during the delivery of a baby, held that

there was no basis for an instruction on misdiagnosis and any reference to diagnosis should have been omitted. *Jensen v. Crabb*, 380 N.W.2d 736, 738–39 (Iowa App. 1985). While it was indicated in *Jensen* that the instruction should have been modified by deleting the reference to diagnosis, there was no discussion as to the validity of the instruction as modified. We later commented on *Jensen*, noting that the matter of prejudice had not been discussed in that case. *Moser v. Stallings*, 387 N.W.2d 599, 605 (Iowa 1986).

In another malpractice case grounded in part on improper care, we held that an instruction on alternate methods of treatment was not repetitious of another instruction covering mistakes in diagnosis and treatment, and rejected the argument that the instruction unduly emphasized that a physician is not necessarily negligent for mistakes in diagnosis and treatment. *Estate of Smith v. Lerner*, 387 N.W.2d 576, 582 (Iowa 1986). While none of these cases contains a frontal attack on the use of this instruction modified to apply to treatment alone, it has not been suggested that this modification would be improper in contexts other than the *res ipsa loquitur* instruction in *Sammons*, 353 N.W.2d at 384–85.

In medical malpractice actions the negligence of a specialist is based on failure to apply the degree of skill, care and learning possessed and experienced by specialists in similar circumstances. *Speed v. State*, 240 N.W.2d 901, 904 (Iowa 1976). In explaining limitations on the rule of negligence, we have indicated that the physician is not necessarily negligent in making a wrong diagnosis, *Sinkey*, 186 N.W.2d at 662, or a mistake in selecting among alternate treatments, *Estate of Smith*, 387 N.W.2d at 582. These rulings correspond with the general rule that a physician is not liable to a patient for an honest error of judgment when the physician exercised the requisite degree of care and skill in arriving at that judgment. *Walck v. Johns-Manville Prods. Corp.*, 56 N.J. 533, 562, 267 A.2d 508, 524 (1970); *Roach v. Hockey*, 53 Or. App. 710, 714, 634 P.2d 249, 252 (1981); 61 Am.Jur.2d *Physicians and Surgeons*

§ 209, at 341 (1981). *See also Estate of Smith*, 387 N.W.2d at 582. This limitation would be inapplicable when the alleged wrong does not involve a judgment call.

■ We now examine the propriety of an instruction on mistake in judgment. Other jurisdictions have approved the use of such an instruction on errors in judgment. *See e.g., Ouellette v. Subak*, 379 N.W.2d 125, 130 (Minn.Ct.App.1985), *aff'd*, 391 N.W.2d 810 (Minn.1986) (omission of honest error in judgment language from instructions on standard of care was reversible error); *Hunsaker v. Bozeman Deaconess Found.*, 179 Mont. 305, 328, 588 P.2d 493, 506–07 (1978) (approved instruction "that an unsuccessful effort, a mistake, or an error in judgment is not necessarily negligent"); *Roach*, 53 Or.App. at 715, 634 P.2d at 252 (After defining reasonable care by a physician the court properly instructed "if the defendant in good faith and in the exercise of reasonable care erred in such judgment, then he would not be negligent."); *Miller v. Kennedy*, 91 Wash.2d 155, 160, 588 P.2d 734, 737–38 (1978) (instruction approved "that a physician is not liable for an honest error of judgment where he or she exercised the requisite degree of care and skill in arriving at the judgment"). *But see Spadaccini v. Dolan*, 63 A.D.2d 110, 120, 407 N.Y.S.2d 840, 846 (1978) (charge that physician not liable for mere error in judgment need not be given in every malpractice case, such as when there were no alternate treatments or the physician did not follow alternate treatment). We agree that giving this type of instruction does not constitute error when the facts indicate the physician is confronted with a judgment call.

For the benefit of bench and bar we address the advisability of giving this instruction in future cases. Plaintiff's counsel is quite critical of the instruction, contending that it is given "willy-nilly" in any malpractice case and suggesting that the instruction should be placed "on the scrap heap." As indicated above, the bar committee has revised the uniform instructions on medical malpractice and omitted this instruction. It has been suggested that

such an instruction might well be rejected by trial judges on the grounds that it is slanted in defendants' favor and superfluous if the jury is otherwise properly instructed on the physician's standard of care. G. Douthwaite, *Alexander's Jury Instructions on Medical Issues* § 3.37 comment, at 130 (2d ed. 1980). We share this concern.

Ordinarily, after the court has charged the jury on a physician's standard of care, the parties can argue whether particular behavior is or is not a breach of that standard. We have held, however, that when a general instruction is given on the standard of care, a defendant is entitled to have his or her theory of defense presented to the jury. In *Lang v. City of Des Moines*, 294 N.W.2d 557 (Iowa 1980), the issue was whether the death of a city jail prisoner was a result of negligence by the City. The trial court did instruct the jury that the City was bound to exercise " 'that degree of care which an ordinary careful and prudent person would exercise under the circumstances.' " We held, however, that the City was also entitled to an instruction that "the City 'does not insure the safety of prisoners in the jail,' and that it is not required to take any action for the care of the prisoners 'where the risk does not appear to be unreasonable.' " *Id.* at 561. *Contra High-Plains Coop. Ass'n v. Stevens*, 204 Neb. 664, 670, 284 N.W.2d 846, 850 (1979) (when court instructed on elements of accord and satisfaction, unnecessary to instruct on what would not be accord and satisfaction); 88 C.J.S. *Trial* § 303, at 820 (1955) (when law has been correctly stated in positive manner, need not instruct in negative form as well). We caution trial courts to exercise restraint in giving this instruction, however, and to give it only when the exercise of the physician's judgment is clearly put in issue by the parties.

██ Finally, we address plaintiff's contention that her narrow claim of negligence does not include diagnosis and that, ·under the authority of *Jensen*, the giving of the instruction is reversible error. We note that the allegation of negligence in "preparation for surgery" was not defined by the instructions or limited to matters solely related to treatment. Evidence was presented by both parties concerning whether plaintiff suffered an adrenal insufficiency, a matter of diagnosis. Although plaintiff presented evidence that "cover" by cortisol injections should have been given because of the undisputed previous application of topical steroids, defendant presented evidence as to the side effects of giving the cortisol injections, clearly making the decision whether to utilize the "cover" procedures a matter of judgment. For these reasons, we believe that both the question of proper diagnosis and the judgment as to course of treatment are issues included within the claim of improper preparation of the plaintiff for surgery. Thus, we hold that the giving of the instruction in this case was not error.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.