Lois MARQUIS, Appellant,

v.

Frederick S. NUSS, Appellee.

No. 89–195.

Supreme Court of Iowa.

Feb. 21, 1990.

David S. Wiggins of Marcucci, Wiggins & Anderson, P.C., West Des Moines, for appellant.

Thomas A. Finley and Glenn Goodwin of Duncan, Jones, Riley & Finley, P.C., Des Moines, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, SCHULTZ, NEUMAN and ANDREASEN, JJ.

SCHULTZ, Justice.

In this malpractice action, plaintiff Lois Marquis appeals the jury verdict in favor of defendant Dr. Frederick Nuss. In July 1985, plaintiff was referred to defendant, a general surgeon, for evaluation of her severe and debilitating abdominal pain. She underwent a four-day diagnostic evaluation at Iowa Methodist Hospital which included a variety of tests such as a laparoscopy, CT scan, IVP, and a barium enema. Defendant identified a "sessile mass" with mucosal irregularity on plaintiff's barium enema which corresponded to the exact location of her pain. The differential diagnosis included polyps and cancer.

To diagnose her condition and treat any discovered cancer, defendant performed a colon resection called a right hemicolectomy, removing approximately one foot of plaintiff's colon. This area contained a sec-tion that Dr. Nuss characterized upon palpating as having "a thickening in the cecum in the medial wall." Despite this apparent abnormality, defendant was able to make a postoperative diagnosis of a normal right colon. The accuracy of this diagnosis has never been challenged. Plaintiff tolerated her surgery well, made a rapid recovery and was told that there was no evidence of cancer in her colon.

In July 1987, plaintiff filed a medical malpractice action against defendant alleging that he was negligent (1) in failing to properly diagnose and treat her problem, (2) in performing the operation when it was not indicated, and (3) in failing to obtain informed consent before surgery. The case was tried to a jury in January 1989. At the close of the evidence, plaintiff withdrew her claim of failure to obtain informed consent. The jury returned a verdict in favor of defendant.

On appeal, plaintiff claims that jury instruction 13 is in conflict with Iowa law and confused the jury, constituting reversible error. That instruction reads as follows:

> You are instructed that a doctor cannot be found negligent merely because he makes a mistake in the diagnosis and treatment of a patient. Any error in diagnosis and treatment, if you find any, does not in and of itself constitute negligence. For a doctor to be found negligent, it must be shown by a preponderance of the evidence that the doctor, in making his diagnosis and treatment, failed to follow the customary practice and procedure of doctors under similar circumstances. This is the standard by which the doctor is to be judged.

Plaintiff makes four specific arguments attacking the validity of this instruction. We disagree and affirm the trial court's entry of judgment in favor of defendant.

■ I. Plaintiff first claims that the standard of care found in instruction 13 conflicts with the standard set out in instruction 12. Instruction 12 reads as follows:

> Physicians who hold themselves out as specialists must use the degree of skill,

care and learning ordinarily possessed and exercised by specialists in similar circumstances, not merely the average skill and care of a general practitioner.

A violation of this law is negligence.

Specifically, plaintiff alleges that instruction 12 holds the defendant to the standard of care of a specialist, while instruction 13 only asks the jury to compare his performance with that of a general practitioner. Plaintiff contends that these two different standards confused the jury resulting in reversible error.

In *Moser v. Stallings*, 387 N.W.2d 599, 605 (Iowa 1986), we stated:

An instruction is not confusing if a full and fair reading of all the instructions leads to the inevitable conclusion that the jury could not have misapprehended the issue presented by the challenged instruction. Thus, we consider the instructions as a whole and if the jury has not been misled there is no reversible error.

(Citations omitted).

There is no reason to believe that the jury was either misled or confused by instructions 12 and 13. The defendant identified himself as a licensed general surgeon and not as a general practitioner. Instruction 12 specifically sets out the standard of care for specialists. *All* of the expert testimony at trial was provided by other licensed surgeons who testified, based on their background, training and experience, as to whether defendant's treatment and management of plaintiff's medical problem was in compliance with the recognized medical standards and practices. There was no evidence presented to the jury regarding the standard of care practiced by doctors other than surgeons; the only similar circumstances presented to the jury were those confronting other general surgeons. Under this record and considering the instructions as a whole, we conclude that the jury could not have misunderstood to which standard of care the defendant was held. The trial court, therefore, did not err in submitting both instructions 12 and 13 to the jury.

■ II. Plaintiff also claims that instruction 13 is prejudicially erroneous because it recites the standard of a "mere mistake" without the qualifying adjective "honest." She asserts that giving the instruction without the qualification of "honest" allows a jury to conclude that any mistake, even a negligent one, will absolve a physician of liability.

The propriety of instruction 13 was recently considered in *Perkins v. Walker*, 406 N.W.2d 189 (Iowa 1987). In concluding that the same instruction was appropriate in that medical malpractice action where a mistake in diagnosis and treatment was also alleged, we noted the limitations on liability for negligence. *Id.* at 191. We acknowledged that a physician is not necessarily negligent for making a wrong diagnosis or a mistake in selecting among alternate treatments and concluded "that a physician is not liable to a patient for an honest error of judgment when the physician exercised the requisite degree of care and skill in arriving at that judgment." *Id.* In approving the instruction following that discussion on the limits of liability, we implicitly held that it adequately stated the law in Iowa.

Plaintiff cites Annotation, *Malpractice: Failure of Physician to Notify Patient of Unfavorable Diagnosis or Test*, 49 A.L. R.3d 508 (1973), for the proposition that an "honest, nonnegligent mistake in making a diagnosis will not give rise to liability." This citation, however, does not support her claim that the omission of the word "honest" from the instruction permits a jury to absolve a physician of liability for a negligent mistake. If that were true, there would be no need to have both "honest" *and* "nonnegligent" as modifiers of mistake. The omission of the word "honest" from the instruction does not allow the jury to erroneously conclude that a negligent mistake does not impose liability on a physician. The trial court did not commit reversible error in omitting "honest" from its instruction.

■ III. The plaintiff next contends that defendant had the burden of proving that his actions constituted an honest mistake. She claims that the "honest mis-

take" defense should be considered an affirmative defense.

Iowa Rule of Civil Procedure 101 describes what must be specifically pleaded as affirmative defenses and what may be provable under a general denial. Rule 101 provides:

> Any defense that a contract or writing sued on is void or voidable, or was delivered in escrow, or which alleges any matter in justification, excuse, release or discharge, or which admits the facts of the adverse pleading but seeks to avoid their legal effect, must be specially pleaded.

In discussing this rule we have defined an affirmative defense as "one resting on facts not necessary to support plaintiffs' case." *Foods, Inc. v. Leffler*, 240 N.W.2d 914, 920 (Iowa 1976) (quoting *Baker v. Beal*, 225 N.W.2d 106, 114 (Iowa 1975) and *Henschel v. Hawkeye–Security Ins. Co.*, 178 N.W.2d 409, 420 (Iowa 1970)).

Defendant's defense of a mere mistake in judgment is not an affirmative defense, because it simply negates facts necessary to support plaintiff's case. Plaintiff has the burden of proving that defendant was negligent in failing to use the degree of skill, care and learning ordinarily possessed and exercised by a specialist in similar circumstances and that the negligence was the proximate cause of her injuries. The doctor's defense is based on his demonstration that he did follow customary medical practices and procedures by performing the surgery. He does not admit the facts of the adverse pleadings since he does not concede negligence. He does not offer his behavior as an excuse or justification for negligence, since he argues that his professional performance was within the accepted standard of care.

Plaintiff cites no case, nor have we discovered any, where a physician was required to assert a "mere mistake in judgment" as an affirmative defense. We reject plaintiff's claim that defendant bear this burden of proof.

■ IV. Plaintiff also alleges that instruction 13 is confusing since it refers to both defendant's treatment and diagnosis of her disease. She asserts that her allega-

tion of negligence focuses only on defendant's choice of treatment and not on his diagnostic skills. She cites *Jensen v. Crabb*, 380 N.W.2d 736 (Iowa App.1985), as an example of when an instruction on misdiagnosis constituted reversible error. *Jensen* is readily distinguishable from the case at bar. In *Jensen*, a malpractice action based on the negligent use of forceps during childbirth, there was no basis for an instruction on misdiagnosis. *Id.* at 738–39. That is not the case here.

Under this record, we conclude that plaintiff's complaint encompasses both her diagnosis and treatment. The diagnosis and treatment of certain conditions are frequently entwined. *Black's Law Dictionary* 1346 (5th ed.1979) defines treatment as "[a] broad term covering all the steps taken to effect a cure of an injury or disease; including examination and diagnosis." Here, the surgery was used initially as a diagnostic tool and had cancer been found, it would have also served as a treatment. Without objection from the plaintiff, the court submitted instruction 11 to the jury, describing defendant's alleged negligence as "[the performance] of the operation when it was not indicated." This clearly put the doctor's diagnostic skills at issue. Thus, the thrust of the complaint was directed at defendant's choice of surgical treatment as a diagnostic tool. As the surgery served a dual function, the court did not err in submitting an instruction to the jury which included both alleged errors.

In summary, instruction 13 was an accurate statement of the law in Iowa and did not confuse or mislead the jury. The court did not err in submitting the instruction.

AFFIRMED.