Maurice VACHON and Kathie Vachon, Appellants,

v.

BROADLAWNS MEDICAL FOUNDATION d/b/a Broadlawns Medical Center; Julie Wood; Thomas D. McClain; and State of Iowa, Appellees.

No. 91–333.

Supreme Court of Iowa.

Sept. 23, 1992.

Rehearing Denied Oct. 23, 1992.

Randall J. Shanks of Gallner & Gallner, P.C., Council Bluffs, and David D. Nisley, Omaha, Neb., for appellants.

David L. Brown of Hansen, McClintock & Riley, Des Moines, for appellees Broadlawns and Wood.

Bonnie J. Campbell, Atty. Gen., and Robert D. Wilson, Asst. Atty. Gen., for appellees McClain and State.

ANDREASEN, Justice.

The jury returned a verdict for the defendants in a medical malpractice case. On appeal, the plaintiffs urge the court's judgment should be reversed because the court submitted improper jury instructions, allowed improper expert opinion testimony, and the defendant's attorney made improper closing arguments. After careful review of the record, we affirm the district court judgment.

### I. *Background.*

Maurice Vachon was walking on a gravel road near Des Moines in the early morning hours of October 9, 1987. Around 6:30 a.m. he was struck from behind by a 1977 Ford LTD traveling approximately forty miles per hour. Vachon was severely injured; he suffered head lacerations, an open fracture of his left leg, and a bruised right leg. He was transported to Broadlawns Medical Center in Des Moines by ambulance, arriving at approximately 7:18 a.m. Upon admission to Broadlawns, Va-

chon's injuries were evaluated by Dr. Julie Wood, a third-year family practice resident who was doing emergency room coverage at the time. Wood observed Vachon had very serious multiple trauma injuries. She ordered a full x-ray series, including neck, chest, spine, pelvis, and left leg. She called in Dr. Thomas McClain, an orthopedic resident on rotation from University of Iowa hospitals and clinics, for specific orthopedic consultation and evaluation. Broadlawns does not have a trauma center. Wood concurred with McClain's suggestion that Vachon be transferred to the University hospital in Iowa City as soon as possible.

All the medical helicopters were unavailable to transport Vachon to Iowa City, so he was transported via ground ambulance, arriving approximately two hours later at 11:05 a.m. Upon arrival, Vachon was evaluated by the University hospital and clinics' trauma team. Surgery was then scheduled to repair the open tibia-fibula fracture of his left leg.

During the surgery on Vachon's left leg, Dr. James Nepola, one of the attending surgeons, diagnosed compartment syndrome in Vachon's right leg. Compartment syndrome is a condition in which pressure inside the muscular compartment increases to the point at which circulation is cut off. A fasciotomy was performed upon his right leg. A fasciotomy is a procedure to release pressure by surgical incision. The surgical procedures were completed at approximately 5:00 p.m.

While the left leg eventually healed, the right leg did not. Numerous surgeries were performed in an attempt to save the right leg; however, they were unsuccessful. The leg was amputated below the knee on October 16, 1987.

In August 1989, Maurice Vachon and his wife Kathie filed this medical malpractice action alleging negligence in failing to diagnose, care and properly treat the compartment syndrome in Maurice's right leg. Maurice's claim is a negligence claim for personal injury and damages; Kathie's claim is for loss of spousal support. The defendants are Broadlawns, Wood, McClain, and the State of Iowa as the employer of McClain. The jury returned a special verdict that found none of the defendants were negligent. The court entered judgment upon the jury verdict. Vachons' posttrial motions for a new trial and bill of exceptions were overruled. Vachons then filed this appeal.

Because this is an action at law, our review is confined to the correction of assigned errors. Iowa R.App. P. 4. We address Vachons' contention of errors in the order presented.

## II. Jury Instructions.

The court is required to instruct the jury as to the law applicable to all material issues in the case. Iowa R.Civ. P. 196. The court must grant requested instructions that state correct rules of law unless the concept is embodied in other instructions. *Stover v. Lakeland Square Owners Ass'n*, 434 N.W.2d 866, 868 (Iowa 1989). The instructions should not marshal the evidence or give undue prominence to any particular aspect of a case. *Id.* Requested instructions that are not related to the factual issues to be decided by the jury should not be submitted even though they may set out a correct statement of the law. *Wadle v. Jones*, 312 N.W.2d 510, 516 (Iowa 1981). The submission of instructions upon issues that have no support in the evidence is error. *Meck v. Iowa Power*, 469 N.W.2d 274, 276 (Iowa App.1991). Error in giving or refusing to give an instruction does not warrant reversal unless the error is prejudicial. *Smith v. Smithway Motor Xpress, Inc.*, 464 N.W.2d 682, 685 (Iowa 1990).

Here, the court submitted instructions to the jury upon: essentials for recovery (Iowa Civil Instruction 1600.1), duty of physicians (Iowa Civil Instruction 1600.2), duty of specialists (Iowa Civil Instruction 1600.-3), duty of hospital (Iowa Civil Instruction 1600.4) and result of the treatment (Iowa Civil Instruction 1600.16). No objection was made to the submission of these instructions. However, Vachons assert the giving of instructions relating to alternative methods of treatment and as to mistake in diagnosis and treatment constitutes reversible error.

■ A. The court submitted Instruction No. 19 relating to alternative methods of treatment, which provided:

Physicians may disagree in good faith upon what would be the proper treatment or diagnosis of a medical condition in a given situation. It is for the physician to use his or her professional judgment to select which recognized method of treatment to use in a given situation. If you determine that there were two or more recognized alternative courses of action which have been recognized by the medical profession as proper methods of treatment and the Defendant employees in the exercise of their best judgment elected one of these proper alternatives, then Defendants were not negligent.

Vachons argue there is no dispute as to the proper treatment of compartment syndrome. It is undisputed in the evidence that the only treatment for compartment syndrome was performance of a fasciotomy. The plaintiffs urge the decision to transfer Maurice to the University hospital in Iowa City had nothing to do with the treatment of the compartment syndrome condition.

While we agree fasciotomy is the only proper treatment of compartment syndrome, we disagree with Vachons' limited characterization of the treatment issue as encompassing only the required surgical procedure. We find, as did the district court, there was an alternative treatment issue.

The issue is whether it was proper to transfer Vachon to the University hospital in Iowa City rather than transferring him to either Mercy or Methodist hospital in Des Moines. Vachons' supplemental answers to interrogatories suggest Vachon should not have been transported by ground to the University hospital. In opening statements to the jury, plaintiffs' counsel stated their expert medical testimony would show the defendants failed to diagnose and treat the compartment syndrome. Counsel stated the evidence would show the defendants should have transported Vachon to Des Moines Mercy or Methodist rather than the two hour trip to Iowa City.

Vachons' expert medical witnesses testified Vachon should have been transferred to one of the closest trauma hospitals, Mercy or Methodist hospital in Des Moines; that if the compartment syndrome had been diagnosed and treated properly, the leg would have been saved; and the transfer and treatment decisions made by the defendants were the cause of Vachon having his right leg amputated. Vachons' counsel commented in chambers "Your honor, we have alleged all throughout this case that transfer is an issue." In Vachons' requested instruction they asked that the court instruct the jury that the defendants were negligent in failing to promptly transfer Vachon to a local hospital in Des Moines. This specification of negligence was submitted to the jury by the court.

In response, the defendants offered evidence that the transfer to the University hospital provided reasonable care. Evidence offered by the defendants indicates the transfer of Vachon to University hospital was appropriate because Vachon had suffered severe multiple trauma injuries and the University hospital had the only Level I full tertiary care center for the treatment of orthopedic trauma in Iowa. Defendants' expert witnesses testified there were no clinical signs of compartment syndrome at the time of transfer.

We recognize the definition of treatment is a broad term covering all the steps taken to effect a cure of an injury or disease, including examination and diagnosis. *Marquis v. Nuss,* 451 N.W.2d 833, 836 (Iowa 1990). The decision as to where Vachon should be transferred for care was a part of his treatment. Substantial evidence was presented to support a finding that transfer to the University hospital in Iowa City or to either Mercy or Methodist hospital in Des Moines would constitute reasonable care. We find the issue of alternative methods of treatment was an issue in the case and supported by the evidence. It was not reversible error for the court to submit an instruction upon this issue.

■ B. The court submitted Instruction No. 20 relating to mistake in diagnosis and treatment, which provided:

You are instructed that a doctor cannot be found negligent merely because he or she makes a mistake in the diagnosis and treatment of a patient. Any error in diagnosis and treatment, if you find any, does not in and of itself constitute negligence. For a doctor to be found negligent, it must be shown by a preponderance of the evidence that the doctor, in making his or her diagnosis and treatment, failed to follow the appropriate medical standard of care.

Vachons contend the issues addressed in this instruction were adequately covered in other instructions and that the instruction was prejudicial, confusing, and misleading to the jury. The plaintiffs rely primarily on our decision in *Hutchinson v. Broadlawns Medical Center*, 459 N.W.2d 273 (Iowa 1990). In *Hutchinson*, we affirmed the district court's refusal to give an instruction upon mistake. In *Hutchinson*, we found other instructions of the court, when considered as a whole, adequately covered the matters addressed in the requested instruction. Although the requested instruction in *Hutchinson* is essentially the same as that given by the court, we do not find the submission of this instruction constitutes reversible error.

We have approved the submission of such an instruction. In *Perkins v. Walker*, 406 N.W.2d 189, 191–92 (Iowa 1987), we affirmed the district court's use of an instruction relating to the mistake in which the exercise of the physician's judgment is clearly put in issue. We again affirmed the trial court's submission of the mistake in judgment instruction in *Marquis*, 451 N.W.2d at 835.

■ Because we have approved the submission of an instruction relating to mistake in prior cases, it was not reversible error for the court to submit Instruction No. 20. However, in the future trial courts should not give such an instruction in a malpractice case.

### III. *Improper Expert Opinion Testimony.*

■ Iowa Rule of Civil Procedure 125(d) provides, in pertinent part:

[T]he expert's testimony at trial may not be inconsistent with or go beyond the fair scope of the expert's testimony in the discovery proceedings as set forth in the expert's deposition, answer to interrogatories, separate report, or supplement thereto.

Defendant McClain, in his supplemental answer to interrogatories, identified Dr. Stiehl as a medical expert and stated he would testify upon the subject matter of "orthopedic standard of care and causation." A letter was attached setting out the substance of the facts and opinions to which Stiehl expected to testify. The letter contained no specific statement regarding causation.

At trial, McClain's counsel called Stiehl as an expert witness. On direct examination, Stiehl was not questioned regarding causation. Following cross-examination by Vachons' counsel, Stiehl was examined by counsel for Wood and Broadlawns. Stiehl testified, without objection, that had there not been other factors such as the severity of the injury, he would have expected the leg to recover fairly normally following the fasciotomy by Dr. Nepola. When Stiehl was asked his opinion as to why Vachon lost his leg, plaintiffs' counsel raised as an objection that the question was outside the scope of the doctor's letter. The court overruled Vachons' objection, stating the question was within the fair scope of the letter.

Posttrial, Vachons made a motion for a new trial again urging Stiehl's testimony as to causation was in violation of rule 125(d). The court overruled this motion, stating:

The plaintiffs here argue that the Court erred in allowing Dr. Stiehl to go beyond the fair scope of the experts answer to interrogatories. Plaintiffs accordingly allege that they were surprised and prejudiced, and that the testimony was in violation of I.R.C.P. 125(d). Matters relating to the potential exclusion of an expert witness's testimony are ordinarily left to the discretion of the trial court. *See Lambert v. Sisters of Mercy Health Corp.*, 469 [369] N.W.2d 417, 421 (Iowa

1985), and *Preferred Marketing v. Hawkeye Nat'l Life*, 452 N.W.2d 389 (Iowa 1990). This Court again having reviewed this matter, finds its discretion was properly exercised in allowing the testimony given.

The trial court is vested with broad discretion in determining the fair scope of an expert's testimony under rule 125(d). Once the decision has been reached, it will not be overturned without a finding of an abuse of discretion.

The purpose of rule 125(d) is to avoid surprise to the litigants and to permit issues to become both defined and refined before trial. *Mercy Hosp. v. Hansen, Lind & Meyer*, 456 N.W.2d 666, 670 (Iowa 1990).

Vachons were not surprised that Stiehl and defendants' expert witness Dr. Nepola would testify as to causation. During opening statements, plaintiffs' counsel stated:

> The Plaintiffs, the Vachons, have doctors that will come and testify and give you their opinions, and their opinions will be that Broadlawns Medical Association, Broadlawns Medical Center, Dr. Wood, and Dr. McClain, failed to diagnose and treat the compartment syndrome and monitor it and perform a fasciotomy, and that failure to do so resulted in the amputation.
>
> The Doctors will have their experts that come in and their experts will say that "No, the blow from the car to the right calf was of such a severe force that the leg could not have survived no matter what was done to save it."

These remarks illustrate an awareness that both defense experts would testify as to causation.

Even assuming Vachons were surprised by Stiehl's testimony, they were not prejudiced by it. Stiehl's causation testimony was neither new, nor different, than the testimony of Dr. Nepola. Nor can Vachons claim prejudice when the issue of causation was not reached by the jury. The jury's verdict found the defendants were not negligent. Because of this verdict, the jury was not required to determine if the negligence of the defendants was a proximate cause of the damages to Vachon. The trial court's decision to allow Stiehl's testimony was not reversible error.

### IV. *Improper Closing Argument.*

Vachons allege that counsel for defendant McClain made improper reference to settlement negotiations during closing arguments. We find the plaintiffs have failed to preserve this issue for consideration on appeal. Ordinarily, when no objection is made at trial to statements made by opposing counsel in closing argument, we do not consider the matter on appeal. *Connelly v. Nolte*, 237 Iowa 114, 126, 21 N.W.2d 311, 317 (1946). When counsel oversteps the bounds of proper argument, proper steps should be taken to make the event of record while the matter is fresh in everyone's mind and the trial court is given an opportunity to take whatever proper steps are possible. *Id.* Here, Vachons failed to make a timely objection and are precluded from raising this issue on appeal.

Even if error had been preserved and a proper record of the argument had been made, the challenged statements made in argument are fair comment upon the expert's trial testimony. We affirm the district court's refusal to grant Vachons' motion for a new trial based upon alleged improper closing arguments.

AFFIRMED.