Marcy FIELD, Ron Freitag, John Jay, Dan Smith, and Brad Odom, Appellants,

v.

Steve PALMER and James Jennison, Appellees,

and

AERS Midwest, Inc., Defendant.

No. 97–506.

Supreme Court of Iowa.

April 28, 1999.

Margaret E. Haessler and Steven S. Hoth of Hoth, Ellerhoff and Haessler Law Offices, Burlington, for appellants.

William H. Napier and Douglas H. Napier of Napier, Wolf & Napier, Fort Madison, for appellees.

Considered by LARSON, P.J., and LAVORATO, SNELL, TERNUS, and CADY, JJ.

TERNUS, Justice.

The plaintiffs challenge the trial court's posttrial ruling setting aside a jury verdict in plaintiffs' favor on a negligent misrepresentation theory, and granting a new trial to the individual defendants on the plaintiffs' contract claim. The plaintiffs claim the ground upon which the court based its decision to set aside the negligent misrepresentation verdict was raised for the first time in the defendants' posttrial motion. Therefore, the plaintiffs argue, this issue was not asserted in a timely manner and cannot serve as a basis for this court to affirm the district court's ruling. The defendants claim they properly preserved the error in the negligent misrepresentation verdict and, additionally, assert alternate bases upon which the trial court's ruling should be sustained. We affirm in part, reverse in part and remand.

## I. *Background Facts and Proceedings.*

The plaintiffs, Marcy Field, Ron Freitag, John Jay, Dan Smith, and Brad Odom, are former employees of the corporate defendant, AERS Midwest, Inc. Defendant, Steven Palmer, was the president of AERS, and defendant, James Jennison, was the chief financial officer of AERS.

AERS was formed to develop, test, market, and manufacture a device used in airplane de-icing. The technology for this device had been developed by Palmer, who received stock in AERS in exchange for an assignment of the technology to the company. Jennison contributed working capital in exchange for AERS stock.

At various times between 1992 and 1994, the plaintiffs became employees of AERS. By June 1995, all had left AERS' employment.

After leaving AERS, the plaintiffs filed suit against the company, Palmer, and Jennison alleging several theories of recovery. The common factual predicates for these claims were alleged promises of salaries, bonuses, and other fringe benefits primarily by Palmer.

The case was tried to a jury, and at the close of the plaintiffs' evidence, the defendants made a motion for directed verdict. As it related to the negligent misrepresentation theory upon which the jury ultimately found liability, the motion was based on two arguments: (1) there was insufficient evidence upon which the jury could calculate damages; and (2) there was insufficient evidence of any representations that the plaintiffs would receive any compensation beyond that which they were actually paid. The court reserved ruling on the motion at that time.

Upon the defendants' renewal of their motion for directed verdict at the close of all the evidence, the trial court directed a verdict for the corporation on all claims except violation of Iowa's wage payment law, breach of contract, and negligent misrepresentation. As for the individual defendants, the court submitted only the theories of breach of contract, under a piercing-the-corporate-veil theory, and negligent misrepresentation. The jury was instructed that, if it found liability against the defendants, it could do so only under one theory and upon doing so should not determine liability under any other theory. The court also instructed the jury not to duplicate damages; damages awarded against one defendant were not to be included in any award against another defendant.

The jury returned a verdict in favor of the corporation and against Palmer and Jennison on the theory of negligent misrepresentation. In accordance with the trial court's instructions, the jury did not answer the special interrogatories concerning the contract claim and wage payment claim. The court entered judgment against the individual defendants in the amounts awarded by the jury to each plaintiff.

The defendants then filed a motion for judgment notwithstanding the verdict, incorporating the arguments made in support of their motion for directed verdict. In addition, the defendants contended for the first time that they could not be held liable under a theory of negligent misrepresentation because they were not in the business or profession of supplying guidance or information to others, as required by our cases. *See Fry v. Mount,* 554 N.W.2d 263, 266 (Iowa 1996); *Freeman v. Ernst & Young,* 516 N.W.2d 835, 838 (Iowa 1994); *Meier v. Alfa–Laval, Inc.,* 454 N.W.2d 576, 581 (Iowa 1990).

The trial court recognized that the defendants had not specifically raised this issue in their motions for directed verdict. Notwithstanding this failure, the court apparently considered the issue on its merits for three reasons: (1) the defendants' motion for directed verdict was broad enough, in the trial court's opinion, to encompass the argument made in the posttrial motion; (2) the defendants had made a general objection to the marshaling instruction on negligent misrepresentation, claiming there was insufficient evidence in the record to support submission of this theory; and (3) the court had a duty to submit only those legal theories that were supported by the evidence, citing *Vachon v. Broadlawns Medical Foundation,* 490 N.W.2d 820 (Iowa 1992). Upon reaching the merits, the district court concluded that there was no evidence the defendants were in

the business of supplying information and, therefore, there was insufficient proof of a required element of negligent misrepresentation. Accordingly, the court set aside the jury's verdict. Rather than entering a verdict in the defendants' favor, however, the court granted a new trial to allow the jury to consider Palmer's and Jennison's liability under a breach-of-contract theory.

The plaintiffs appealed the district court's ruling on posttrial motions, but did not appeal the judgment in favor of AERS. In the remainder of this opinion, any reference to the defendants refers to Palmer and Jennison.

## II. *Issues on Appeal and Scope of Review.*

■ The plaintiffs argue that the evidence was sufficient to support submission of the tort of negligent misrepresentation. In addition, they claim that the court improperly considered the defendants' argument that the defendants were not in the business of supplying information, because that issue had not been raised in the defendants' motion for directed verdict. Therefore, assert the plaintiffs, this contention could not serve as a basis for setting aside the jury's verdict.[1]

The defendants respond that the trial court properly ruled on the merits of their claim that there was no evidence that they were in the business of supplying information. Alternatively, they assert that the court correctly set aside the jury's verdict on the negligent misrepresentation claim because there was insufficient proof of dam-

ages. Finally, defendant Jennison argues that there is no evidence that he made any representations to plaintiffs Field, Freitag, Jay, and Smith.[2]

■■ We review the trial court's ruling on the defendants' motion for judgment notwithstanding the verdict for correction of errors of law. *See Magnusson Agency v. Public Entity Nat'l Co.–Midwest,* 560 N.W.2d 20, 25 (Iowa 1997). The evidence is viewed in the light most favorable to the opposing party, "taking into consideration every legitimate inference that may fairly and reasonably be made." *Id.*

## III. *Did the Trial Court Properly Consider Whether the Evidence Was Sufficient to Establish That the Defendants Were in the Business of Supplying Information?*

■ It is well-established that a motion for judgment notwithstanding the verdict "must stand or fall on grounds raised in the motion for directed verdict." *Id.; accord Ragee v. Archbold Ladder Co.,* 471 N.W.2d 794, 798 (Iowa 1991); *Miller v. Young,* 168 N.W.2d 45, 50 (Iowa 1969). This principle is reflected in our rules of civil procedure:

On motion, any party may have judgment in that party's favor despite an adverse verdict . . . :

. . . .

(b) If the movant was entitled to a directed verdict at the close of all the evidence, *and moved therefor,* and the jury did not return such verdict, the court may then either grant a new trial or enter

---

1. The plaintiffs also argue on appeal that the defendants had a fiduciary duty with respect to their dealings with the plaintiffs. This issue was raised for the first time in the plaintiffs' resistance to the defendants' motion for judgment notwithstanding the verdict. The plaintiffs may not raise a new theory of liability for the first time during posttrial proceedings. *See Shill v. Careage Corp.,* 353 N.W.2d 416, 420 (Iowa 1984) ("The theory under which a case was tried in the trial court will be the theory upon which an appeal is based."). Consequently, we do not reach the issue of fiduciary duty on appeal.

2. The defendants also argue in their appellee's brief that the district court should have entered a verdict in their favor rather than ordering a new trial. The defendants did not file a cross-appeal

and therefore cannot challenge the trial court's decision on this issue. *See In re Marriage of Carr,* 591 N.W.2d 627, 628 (Iowa 1999). The cases cited by the defendants apply the rule that a successful party may seek *affirmation* of the district court on any legitimate ground asserted before the district court, even though rejected by that court. *See Scott v. City of Sioux City,* 432 N.W.2d 144, 147 (Iowa 1988); *City of Marion v. National Cas. Co.,* 431 N.W.2d 370, 374 (Iowa 1988). Here, the defendants are seeking a *reversal* of the trial court's grant of a new trial. To obtain such relief, the defendants had to appeal, which they did not do. Therefore, we do not decide whether the district court should have entered judgment in the defendants' favor rather than ordering a new trial.

.

judgment as though it had directed a verdict for the defendant.

Iowa R. Civ. P. 243 (emphasis added). We interpreted this rule in *Miller*:

The purpose of Rule 243(b) is to give the trial court an opportunity to correct its error in failing to sustain a motion for directed verdict. Here the motion for judgment was based upon a proposition not raised in plaintiff's motion for directed verdict. The situation was the same as though plaintiff had made no motion for directed verdict. Under the circumstances plaintiff had no right to the remedy which Rule 243(b) affords to a litigant whose motion for directed verdict has been erroneously overruled.

168 N.W.2d at 50.

More recently we applied these principles in the *Ragee* case, which presented facts similar to those before us here. In *Ragee*, the defendant moved for a directed verdict on the plaintiffs' res ipsa loquitur theory at the close of the plaintiffs' case. 471 N.W.2d at 797. The defendant contended that the plaintiffs had failed to prove exclusive control of the instrumentality causing the injury and that they had failed to establish that the injured plaintiff had not voluntarily caused her own injuries. *Id.* This motion was renewed on the same grounds at the close of all the evidence. *Id.* The court denied the defendant's motions and the jury returned a verdict against the defendant on the res ipsa loquitur theory. *Id.* The defendant then moved for judgment notwithstanding the verdict, asserting a new argument not raised in its motions for directed verdict. *Id.* The defendant contended for the first time that the res ipsa loquitur theory does not apply when there is direct evidence of the precise cause of a plaintiff's injury. *Id.* The trial court overruled the defendant's posttrial motion and the case was appealed to this court. *Id.* at 797–98.

On appeal, we refused to consider the argument that the case should not have been submitted on a res ipsa loquitur theory because there was direct evidence of the cause of the injury. *Id.* at 798. We applied the rule that "a motion for judgment notwithstanding the verdict must stand or fall on grounds urged in the movant's earlier motion for directed verdict." *Id.* Because the issue the defendant raised in its posttrial motion and on appeal had not been raised in its motions for directed verdict, the defendant could not rely on that issue on appeal. *Id.*

■ The facts here are identical. The defendants made motions for a directed verdict at the close of the plaintiffs' case and upon the completion of all evidence. These motions did not, however, include the ground later raised in the defendants' motion for judgment notwithstanding the verdict and on appeal—namely, that there was no proof the defendants were in the business of supplying information, an essential element of the tort of negligent misrepresentation.[3] Therefore, under our well-established rules governing posttrial motions and error preservation, the defendants cannot rely on this deficiency in the evidence on appeal.

We do not think error was adequately preserved by the defendants' general objection to the marshaling instruction or that our *Vachon* case gives the trial court authority to correct mistakes *after trial* where error has not been preserved. We will discuss each of these matters separately.

■ Initially, we express serious reservations that an objection to an instruction could ever substitute for a properly made motion for directed verdict. Even if it could, the objection made here was inadequate to preserve error. Iowa Rule of Civil Procedure 196 requires that counsel must make any objections to the court's instructions in writing or on the record, "specifying the matter objected to and on what grounds." No other grounds or objections may be considered on appeal. *See* Iowa R. Civ. P. 196. In applying this rule, we have held that "[a] party's general objection to an instruction

---

3. The defendants claim on appeal that the trial court prevented their counsel from completing his argument in support of the defendants' motion for directed verdict at the close of the plaintiffs' evidence. Upon our review of the transcript, we think the defendants' attorney had ample opportunity to raise all issues that he wanted to raise. The trial court did nothing to prevent or discourage the defendants' counsel from making a complete and thorough record.

preserves nothing for review." *State v. Maghee,* 573 N.W.2d 1, 8 (Iowa 1997). "When the objection is to the sufficiency of the evidence supporting an instruction, the complaining party must specify that portion of the instruction lacking evidentiary support and the particular factual deficiency." *Boham v. City of Sioux City,* 567 N.W.2d 431, 438 (Iowa 1997).

Here, the defendants made the following objection to the marshaling instruction on the negligent misrepresentation claim:

> Your Honor, we object generally to the submission of the issues of wage claim, breach of contract and negligent misrepresentation and renew our objections to the submission of any of those issues to the jury based on the assertion that there has not been sufficient evidence proffered by the plaintiffs in their case to submit any of these issues to the jury.

Under the principles discussed above, the defendants' general objection to the marshaling instruction on negligent misrepresentation was insufficient to preserve the specific claim now urged—that there was insufficient evidence that the defendants were in the business of supplying information. *See id.* at 438 (holding the defendant's objection to the damage instructions, that "[w]e don't think there's sufficient evidence in the record to engender jury questions on these points," did not adequately identify the specific evidentiary deficiency, and therefore error was not preserved). If the defendants' objection was not adequate to preserve error as to the marshaling instruction, it is certainly not adequate to preserve error for purposes of the defendants' motions for directed verdict.

Nor do we think our opinion in *Vachon* is of any assistance to the defendants. In *Vachon,* the plaintiffs had not objected at trial to the instructions they later challenged on appeal. 490 N.W.2d at 822. Nevertheless, we considered the merits of their argument on appeal and held that there was sufficient evidence to support giving the instructions. *Id.* at 823. There was no discussion of the error preservation problem. The trial court here apparently interpreted our decision in *Vachon* as authorizing trial courts to correct error in submitting an instruction with no evidentiary support despite a party's failure to object to the instruction.

A trial court has the responsibility to submit only those instructions that have support in the record. *See id.* at 822. Accordingly, in drafting the instructions, the trial court has the inherent power to refuse to submit a particular theory if there is no evidence to support it, even in the absence of an objection by the defendant. But the issue here is whether the court may, *after the case has been decided by the jury,* set aside the jury's verdict on a perceived error that was not pointed out by any party prior to the submission of the case. We think our error preservation rules preclude the trial court from doing so. If a party is entitled to a directed verdict, that party must specify the grounds for a directed verdict before the matter is submitted to the jury. It is too late to object for the first time after the jury has decided the case.

This court did not rule to the contrary in *Vachon.* It appears we simply passed on the error preservation problem and held that there was no merit to the issue that the plaintiffs raised for the first time on appeal. Therefore, *Vachon* created no inroads on our rules requiring that error be preserved in order to be asserted on appeal. Any other interpretation of *Vachon* would eviscerate our long-standing principles of error preservation.

In summary, the defendants failed to preserve error on their claim that the evidence does not support a finding that they were in the business of supplying information for the guidance of others. Therefore, we will not consider that issue on appeal as a basis for affirming the trial court's decision to grant a new trial.

IV. *Was There Evidence to Support a Finding That Defendant Jennison Made Representations to Plaintiffs Field, Freitag, Jay, and Smith?*

Jennison argues that there is no evidence that he made any representations to plaintiffs Field, Freitag, Jay, and Smith with respect to salary and benefits. In response, the plaintiffs point to evidence that Jennison

paid some of their wages and benefits through another company that he owned, "indicating that he accepted responsibility for the plaintiffs aside from his role with [AERS]." We think this evidence is no substitute for proof that Jennison himself made a representation upon which the plaintiffs relied. Such a representation is the essence of the tort of negligent misrepresentation. *See* Restatement (Second) of Torts § 552, at 126 (1977) (defining tort as applicable to one who "supplies false information"). Therefore, Jennison was entitled to have the verdicts on the negligent misrepresentation claims of Field, Freitag, Jay, and Smith set aside.

## V. *Was the Evidence of Damages Sufficient?*

The defendants seek to uphold the trial court ruling setting aside the jury verdict on the basis that the plaintiffs introduced insufficient evidence of the amount of their damages. We have noted in the past that "[t]here is a distinction between proof that a party has suffered damages and proof regarding the amount of those damages." *Sun Valley Iowa Lake Ass'n v. Anderson*, 551 N.W.2d 621, 641 (Iowa 1996).

> If the record is uncertain and speculative whether a party has sustained damages, the fact finder must deny recovery. But if the uncertainty is only in the amount of damages, a fact finder may allow recovery provided there is a reasonable basis in the evidence from which the fact finder can infer or approximate the damages.

*Id.* (citation omitted).

We think the evidence in the case before us gave the jury a reasonable basis from which to approximate the plaintiffs' damages. Each plaintiff testified to the representations made to him or her by Palmer and, in the case of Odom, by Jennison as to the salary and benefits they would receive. (These promises were purportedly made to encourage them to stay on as employees of AERS.) Each plaintiff, with the exception of Jay, also testified to the dollar amount of the promised salary and benefits that remained unpaid. Although Jay did not state the amount not paid to him, he did testify to the sums he was

actually paid. From this testimony and Jay's statements as to the salary and benefits promised, the jury would be able to calculate the shortfall.

Although the defendants attack the plausibility of the plaintiffs' damage calculations, the credibility of the plaintiffs' testimony was for the jury to decide. *See Matthess v. State Farm Mut. Auto. Ins. Co.*, 521 N.W.2d 699, 704 (Iowa 1994) (holding credibility of the witnesses' testimony with respect to damages was for the jury). At a minimum, the plaintiffs' testimony was sufficient to permit the issue of damages to go to the jury. Therefore, we cannot affirm the trial court's setting aside of the jury's verdict on the basis that the plaintiffs failed to prove the amount of their damages.

## VI. *Summary.*

The trial court improperly considered a ground not raised in the defendants' motion for directed verdict when ruling on their motion for judgment notwithstanding the verdict. Because this ground—whether there was sufficient evidence that the defendants were in the business of supplying information—was not adequately raised in the trial court, we will not consider it on appeal.

We conclude, however, that as to defendant Jennison, there was insufficient evidence that he made any representations to plaintiffs Field, Freitag, Jay, and Smith concerning their salary and benefits. Therefore, we affirm the trial court's grant of a new trial to Jennison as to these plaintiffs.

We find sufficient evidence of damages on the remaining claims to support the jury's verdict. Finding no adequately preserved ground to overturn the jury's verdict as to the remaining claims, we reverse the trial court's grant of a new trial to Palmer on all plaintiffs' claims and to Jennison on plaintiff Odom's claim.

We remand this case for entry of judgment in favor of plaintiffs Field, Freitag, Jay, and Smith against defendant Palmer in the amounts found by the jury, and for entry of judgment in favor of plaintiff Odom against both defendants in the amounts awarded by the jury. Additionally, the case is remanded

for trial of the contract claims of plaintiffs Field, Freitag, Jay, and Smith against defendant Jennison.

Costs are assessed ten percent each to plaintiffs Field, Freitag, Smith and Jay, ten percent to defendant Jennison, and fifty percent to defendant Palmer.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**