# IN THE COURT OF APPEALS OF IOWA

No. 14-1215
Filed July 22, 2015

**BRUENING ROCK PRODUCTS, INC.,**
        Plaintiff-Appellant/Cross-Appellee,

**vs.**

**HAWKEYE INTERNATIONAL TRUCKS,**
        Defendant-Appellee/Cross-Appellant.
_____

        Appeal from the Iowa District Court for Winneshiek County, Margaret L.

Lingreen, Judge.


        A plaintiff appeals from the district court's directed verdict in favor of the

defendant company.    The defendant cross-appeals.    **REVERSED AND**

**REMANDED ON APPEAL; AFFIRMED ON CROSS-APPEAL.**


        Kevin J. Visser, Abbe M. Stensland, and Rae Kinkead of Simmons Perrine

Moyer Bergman, P.L.C., Cedar Rapids, for appellant.

        Steven J. Pace and Kelly A. Cwiertny of Shuttleworth & Ingersoll, P.L.C.,

Cedar Rapids, for appellee.


        Heard by Danilson, C.J., and Vaitheswaran and Doyle, JJ.

**VAITHESWARAN, J.**

We filed our opinion in this case on July 9, 2015, but subsequently granted Hawkeye's petition for rehearing. Our July 9 decision is therefore vacated, and this decision replaces it.

The primary issue in this appeal is whether a jury verdict on a breach-of-contract claim is supported by substantial evidence.

## I.  *Background Facts and Proceedings*

Bruening Rock Products, Inc. purchased trucks from Hawkeye International Trucks. In time, Bruening sued Hawkeye, alleging breach of its contract to provide trucks with a gross vehicle weight rating ("GVWR") of 74,000 pounds. The case was tried to a jury. At the close of Bruening's evidence, Hawkeye moved for a directed verdict on several grounds, including a theory that Bruening's real claim was one for breach of an implied warranty and the statute of limitations on this claim had long since expired. The district court reserved ruling on the motion. *See Larkin v. Bierman*, 213 N.W.2d 487, 490 (Iowa 1973) (stating the better practice is to reserve ruling on the directed verdict motion until after the jury has rendered verdict, so as to avoid retrial). The jury returned a verdict in favor of Bruening for $1,167,904.85.

After trial, the district court took up the previously-reserved directed verdict motion and concluded Bruening "failed to generate substantial evidence of a breach of written contract term by [Hawkeye]." The court further concluded, "The evidence introduced may have supported claims for breach of implied warranty; however those claims were not timely made." The court sustained the motion for

directed verdict and entered judgment in favor of Hawkeye and against Bruening. Bruening appealed and Hawkeye cross-appealed.

## II.    Timeliness of Appeal

Bruening filed a posttrial motion challenging the district court's reserved ruling on Hawkeye's motion for directed verdict. Bruening awaited a ruling on the motion before filing a notice of appeal. Hawkeye argues Bruening's notice of appeal was untimely, depriving this court of jurisdiction.

Appeal notices must be filed within thirty days after the filing of the final order or judgment unless a timely posttrial motion is filed, in which case the "notice of appeal must be filed within 30 days after the filing of the ruling on such motion." Iowa R. App. P. 6.101(1)(b). Hawkeye concedes Bruening's notice of appeal was filed within thirty days of the district court's ruling on the motion but argues the motion was not filed for a proper reason and, accordingly, failed to toll the appeal deadline. *See Sierra Club Iowa Chapter v. Iowa Dep't of Transp.*, 832 N.W.2d 636, 640 (Iowa 2013) ("[T]he tolling exception only applies if the posttrial motion was filed for the proper reason."). In its view, Bruening's posttrial motion was "'no more than a rehash of legal issues raised and decided adversely' to Bruening." *See Bellach v. IMT Ins. Co.*, 573 N.W.2d 903, 905 (Iowa 1998).

We are obligated to judge a motion by its contents rather than its label. *See Iowa Elec. Light & Power Co. v. Lagle*, 430 N.W.2d 393, 395 (Iowa 1988). All concede Bruening's posttrial motion was essentially a motion for enlarged findings and conclusions under Iowa Rule of Civil Procedure 1.904(2). As Bruening points out in its resistance to Hawkeye's motion to dismiss the appeal, its posttrial motion sought to address a district court finding of fact that appeared

to be at odds with evidence proffered at trial. This was a proper purpose. *See Sierra Club Iowa Chapter*, 832 N.W.2d at 641 ("[I]f the movant asks the court to examine facts it suspects the court overlooked and requests an expansion of the judgment in view of that evidence, then the motion is proper."); *see also Baur v. Baur Farms, Inc.*, 832 N.W.2d 663, 669 (Iowa 2013) (finding that a rule 1.904(2) motion filed following district court's grant of directed verdict was proper and tolled time for appeal).

We recognize the court's ruling did not follow a bench trial, as rule 1.904(1) contemplates. Nonetheless, the court made fact-findings, applied the law to the facts, and entered a judgment in favor of Hawkeye after concluding Breuning "failed to generate substantial evidence of a breach of written contract term by [Hawkeye]." In substance, the ruling was no different than a judgment or decree entered after a trial to the court. Accordingly, Bruening's motion challenging the ruling was entirely appropriate. *See Tomkinson v. Turner*, No. 07-1598, 2008 WL 942286, at *2 (Iowa Ct. App. Apr. 9, 2008) (holding appellant's motion seeking to amend a jury verdict, while technically not a rule 1.904(2) motion, was sufficient to toll time for filing appeal because "'a party may use any means to request the court to make a ruling on an issue'" (quoting *Meier v. Senecaut*, 641 N.W.2d 532, 539 (Iowa 2002)).

Because Bruening's posttrial motion was filed for a proper purpose, the posttrial motion tolled the time for filing a notice of appeal. Accordingly, we deny Hawkeye's motion to dismiss the appeal as untimely.

### III.    Appeal—Substantial Evidence

Bruening contends "substantial evidence supports the jury's finding that [Hawkeye] expressly promised performance, and failed to deliver on that promise" and its "pled and proven contract claim cannot b[e] dismissed by the trial court in ruling on a motion for directed verdict." Our review is for correction of errors at law. *Determan v. Johnson*, 613 N.W.2d 259, 261 (Iowa 2000). "A defendant's motion for directed verdict should be denied if there is substantial evidence to support the plaintiff's claim." *Hasselman v. Hasselman*, 596 N.W.2d 541, 545 (Iowa 1999).

Bruening sued Hawkeye under a single theory: breach of contract.[1] The district court instructed the jury Bruening would have to prove the following:

1.  The existence of a contract.
2.  The terms of the contract, including a term that Defendant would provide trucks with a gross vehicle weight rating (GVWR) of 74,000 pounds.
3.  The Plaintiff has done what the contract requires.

---

[1] Hawkeye reiterates that Bruening's claim was miscast as a breach-of-contract claim rather than a breach-of-implied-warranty claim. In its view, "As it is not disputed that a five year statute of limitations applies to implied warranty claims and the five year statute of limitations for any implied warranty for these trucks has long since expired, the district court was correct in finding that any claims based on the implied performance terms of the deal would be time barred." Hawkeye did not file a motion to dismiss or raise the claimed statute-of-limitations defense in its answer or amended answer. *See Rieff v. Evans*, 630 N.W.2d 278, 289 (Iowa 2001) (stating defense could be raised in a motion to dismiss); *Porter v. Good Eavespouting*, 505 N.W.2d 178, 182 (Iowa 1993) (stating defendants had duty to raise statute-of-limitations defense in pleadings). Accordingly, the defense was waived. *Porter*, 505 N.W.2d at 182 ("Because the limitations defense was not raised, the defendant waived it."); *Conklin v. Towne*, 216 N.W. 264, 266 (Iowa 1927) ("The statute of limitations was not set up as a defense until appellant had rested his case. If not taken advantage of by demurrer or answer, it will be deemed waived."); *see generally Bond v. Cedar Rapids Television Co.*, 518 N.W.2d 352, 355 (Iowa 1994) ("We have defined an affirmative defense as 'one resting on facts not necessary to support plaintiff's case.' Under Iowa rule of civil procedure 101 these matters must be specially pleaded, and a motion for directed verdict or a motion for judgment notwithstanding the verdict do not qualify as special pleadings. Without such a pleading, the question may not be entertained on appeal." (citations omitted)).

4. The Defendant has breached the contract, by failing to provide trucks which met the terms of the contract.
5. The Amount of any damage the Defendant has caused.

The record contains substantial evidence to support these elements.

First, there is no question the parties entered into a contract. Bruening, an operator of rock quarries, needed trucks to haul rock from one of its underground mines. Bruening negotiated with Hawkeye to design and manufacture four trucks capable of hauling approximately twenty-five tons of rock from the underground mines. Following initial discussions, Hawkeye presented a proposal listing the trucks' specifications. Bruening accepted the proposal and the trucks were manufactured by another company, Navistar.

Second, Hawkeye essentially concedes the existence of substantial evidence establishing the GVWR as a term of the contract. The proposal stated the trucks would carry a GVWR of 74,000 pounds, meaning the trucks could haul 74,000 pounds, including the weight of the truck. *See* Iowa Code § 321.1(29)(c) (2009) (defining "gross vehicle weight rating" as "weight specified by the manufacturer as the loaded weight of a single vehicle."). During the manufacturing process, Navistar suggested certain changes, which were accepted by Bruening. At no time was the trucks' GVWR modified to less than 74,000 pounds.

Hawkeye instead focuses on the import of the GVWR. In its view, the GVWR of 74,000 pounds was not a "performance term" because "there was no evidence at all that the inclusion of GVWR on the documents constituted a promise the trucks would perform in any particular manner." A reasonable juror could have found otherwise.

Bruening's president testified he informed a Hawkeye representative "I want to haul around 25 ton." He stated, the 74,000 pound GVWR means "this truck is designed with the weight of the load, with the weight of the truck, not to exceed 74,000 pounds." In other words, "the weight of the truck and then the load in it cannot be over 74,000 pounds. That's what the truck is rated at." A Bruening mechanic similarly testified the GVWR was important "[s]o that we know what—how big a load we can put in the vehicle."

Hawkeye confirmed this understanding. A Hawkeye employee who ordered the trucks from Navistar testified Bruening approved certain changes to the trucks "[i]f it didn't affect our gross vehicle weight rating."

In short, substantial evidence established the 74,000 pound GVWR was more than a boiler-plate rating; it was a specific, negotiated term affecting the performance of the vehicle. *See generally* Iowa Code § 554.2313(1)(b) ("Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.").

The third element—Bruening's performance of the contract—is essentially undisputed. Bruening paid for the trucks and accepted delivery of them.

Hawkeye vigorously disputes the fourth element—whether there was a breach. In its view, Bruening failed to show "the actual breach of the GVWR rating itself." Again, a reasonable juror could have found otherwise.

Bruening representatives testified the trucks failed to perform. Specifically, the wheel rims cracked and the studs holding the rims malfunctioned.

Hawkeye initially believed Bruening was overloading the trucks. Bruening dispelled this concern by regularly weighing loaded trucks and recording lower than 74,000 pound weights. Bruening representatives testified they never exceeded the 74,000 pound GVWR in transporting rocks.

Hawkeye also suggested the breakdowns could have resulted from other factors. Again, Bruening countered this suggestion with evidence of regular, routine maintenance on the trucks. The jury was free to credit Bruening's evidence. *Blume v. Auer*, 576 N.W.2d 122, 125-26 (Iowa Ct. App. 1997). Based on this circumstantial evidence, a juror reasonably could have found the GVWR was not as represented and Hawkeye breached this term of the contract. *See* Iowa R. App. P. 6.904(3)(p) (stating direct and circumstantial evidence are equally probative).

We are left with Bruening's proof of damages. In its cross-appeal, Hawkeye contends Bruening's evidence of lost profits was speculative. The jury reasonably could have found otherwise. See *Field v. Palmer*, 592 N.W.2d 347, 353 (Iowa 1999) (stating "if the uncertainty is only in the amount of damages, a fact finder may allow recovery provided there is a reasonable basis in the evidence from which the fact finder can infer or approximate the damages" (citing *Sun Valley Lake Ass'n v. Anderson*, 551 N.W.2d 621, 641 (Iowa 1996))); *Harsha v. State Sav. Bank*, 346 N.W.2d 791, 798 (Iowa 1984) (upholding "generous" jury verdict for breach of contract, which was "within the evidence").

Bruening provided the court with extensive documentation and testimony concerning the amount of damages.[2]  Bruening's chief financial officer discussed the documents and testified to Bruening's damages.  This amounted to substantial evidence in support of the damage award.

## IV.     *Cross-Appeal Issues*

On cross-appeal, Hawkeye contends the district court erred in rejecting several remaining grounds in support of its motion for directed verdict.  We have considered the grounds and have either addressed them in connection with our discussion above or discern no error in the district court's conclusions and affirm without further discussion.

## V.     *Disposition*

Because the jury verdict was supported by substantial evidence, we reverse the grant of Hawkeye's motion for directed verdict and remand for reinstatement of the verdict.  We affirm on all issues raised in the cross-appeal.

**REVERSED AND REMANDED ON APPEAL; AFFIRMED ON CROSS-APPEAL.**

---

[2] Hawkeye contends the district court should have excluded some of the evidence because, in its view, Bruening intentionally destroyed certain maintenance records.  The district court admitted the evidence but instructed the jury on spoliation.  We discern no abuse of discretion in this ruling.  *Hall v. Jennie Edmundson Mem's Hosp.*, 812 N.W.2d 681, 685 (Iowa 2012).