# IN THE COURT OF APPEALS OF IOWA

No. 23-1375
Filed January 9, 2025

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**RONALD EUGENE COOLEY,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Linn County, Ian K. Thornhill, Judge.


The defendant challenges his conviction for failure to register as a sex offender, second offense. **AFFIRMED.**


Thomas M. McIntee, Williamsburg, for appellant.

Brenna Bird, Attorney General, and Nicholas E. Siefert, Assistant Attorney General, for appellee.


Considered by Greer, P.J., and Buller and Langholz, JJ.

**GREER, Presiding Judge.**

Ronald Cooley challenges his conviction for failing to comply with the sex offender registration requirements, second offense. Cooley raises several different legal challenges to his conviction based on the fact that Iowa Code section 692A.104(2) (2021) requires the sex offender to "appear in person to notify the sheriff of" the county within five business days of changing residence and the Linn County Sheriff's Office was closed to the public due to the COVID-19 pandemic at the time of his violation in April 2021. Essentially, he argues his conviction should be reversed because he was unable to comply with the statute as written. More specifically, he maintains (1) the local decision to close the sheriff's office and require offenders to register via alternative means (without the Iowa legislature amending the statute) amounts to a constitutional violation of the separation-of-powers doctrine and is fatal to the applying the statute against him; (2) the marshalling jury instruction was in error because it did not include the statutory requirement that he register in person; and (3) there is insufficient evidence to support his conviction.

Having considered his properly preserved arguments, we affirm Cooley's conviction.

**I. Background Facts and Proceedings.**

The State charged Cooley with violating the sex offender registry requirements, second offense, on or about April 14, 2021; it alleged he moved from an apartment in Marion to a residence in Cedar Rapids without providing his new address to the Linn County Sheriff within five business days. The State sought the

habitual offender sentencing enhancement. Cooley pled not guilty, and the matter was tried to a jury.[1]

At trial, it was established that Cooley registered the Marion apartment as his residence on January 11, 2021. The sheriff's office was closed to the public at this time due to the COVID-19 pandemic; Cooley registered by calling the phone number provided and speaking to Pam Kregel, who in her secretarial role took the information from Cooley and updated the database. Kregel testified about the process of registering over the phone; offenders could call Monday through Friday, from 8:00 a.m. to 5:00 p.m.—the same hours as were available when the office was open to the public. The sheriff's office had "several secretaries that [could] answer the phone" and "had four lines there were hardly ever busy at the same time."

The manager of the Marion apartment complex testified that Cooley was never a resident with a lease at the Marion apartment, but he was known to stay with another resident, Toni. Toni was given a notice to vacate her apartment, which she did at the end of March. Once Toni vacated, there was no one living in the apartment, and the apartment manager had the locks changed.

As of April 14, 2021, Cooley had not yet notified the Linn County Sheriff of his change of address—the Marion apartment was still his registered address. Based on the information that the Marion apartment was vacant, Cooley was

---

[1] Cooley was also charged with a second count of failure to comply with the sex offender registry requirements on or about January 13, 2021. The jury acquitted Cooley on this count.

charged with failing to comply with the registration requirements for failing to provide his address within five business days of moving.

Cooley testified in his own defense, stating he remembered moving to the Cedar Rapids residence on April 5 or 6. He went to the Linn County Sheriff's Office to register his new address in person that day but saw it was still closed to the public. He realized he needed to call to register his new address and saw the phone number posted. According to Cooley, he called one to three times per day trying to make contact with someone who could update the database. He was not successful until some time after he was charged with failing to comply with the registration requirements.

The jury found Cooley guilty. With the application of the habitual offender enhancement, Cooley was sentenced to a term of incarceration not to exceed fifteen years, with a mandatory minimum sentence of three years. He appeals.

**II. Discussion.**

**A. Separation of Powers.** Cooley maintains the local decision to close the sheriff's office to the public without the Iowa legislature amending Iowa Code section 692A.104(2), which requires sex offenders to "appear in person to notify the sheriff" of a "changing residence," violated the separation-of-powers doctrine. *See* Iowa Const. art. III, § 1. But, as the State argues, Cooley did not raise this argument to the district court.

During his motion for judgment of acquittal, Cooley argued he "could not follow the statute as it's been written" and "was forced to do this alternative form, which isn't allowed by statute, to call in during office hours and wait for one of the office people who are responsible to take calls to then obtain the information and

sign on behalf of the offender who is registering." He maintained that the court should acquit him "since he wasn't able to comply and register as described by the statute." Similarly, in his post-trial motions, Cooley argued:

> [B]ecause the government or the Linn County/Linn County Sheriff Office prohibited the defendant in complying with the sex offender registry statute it is impossible for a jury or fact finding to find a violation of the registry, as a result, no judgment should have rendered on a finding, plea, or verdict and, upon the record as a whole, the evidence was insufficient to sustain a conviction and no legal judgment could have been pronounced.

While Cooley repeatedly complained that he was unable to comply with the statute as passed by the Iowa legislature because of the local government's decision to close the sheriff's office, he never framed the issue as one involving a violation of separation of powers.[2] And, accordingly, the district court did not rule on that issue. So error was not preserved, and we do not consider this issue further. *See In re Det. of Anderson*, 895 N.W.2d 131, 138 (Iowa 2017) ("Our general rule of error preservation is that we will not decide an issue presented before us on appeal that was not presented to the district court. In order for error to be preserved, the issue must be both raised and decided by the district court." (internal citation omitted)).

**B. Jury Instructions.** Cooley challenges the marshalling instruction given to the jury, arguing it was incomplete because it failed to instruct on the statutory

---

[2] As we understand it, Cooley's argument to the district court was more akin to an impossibility defense—he maintained it was impossible for him to comply with the statute as written, so he could not be penalized for violating it. *See, e.g.*, *State v. McCullough*, No. 08-1380, 2009 WL 2185549, at *1–3 (Iowa Ct. App. July 22, 2009). But the State did not charge or prosecute Cooley for failing to register in person while the office was closed to the public—it prosecuted him for failing to register his new address using the alternative means available. And the district court concluded that because registering by phone was less onerous than registering in person, Cooley was not prejudiced or harmed by the change in requirement.

requirement he appear in person. "Iowa law requires a court to give a requested jury instruction if it correctly states the applicable law and is not embodied in other instructions." *Alcala v. Marriott Int'l, Inc.*, 880 N.W.2d 699, 707 (Iowa 2016) (citation omitted). In these instances, there is "no room for trial court discretion" and we review "for correction of errors at law." *Id.* However, when there is a discretionary component, we review for an abuse of discretion. *Id.* "[W]e consider the jury instructions as a whole rather than in isolation to determine whether they correctly state the law." *State v. Davis*, 975 N.W.2d 1, 8 (Iowa 2022) (citation omitted).

Here, the court instructed the jury:

> The State must prove all of the following elements of Sex Offender Registry Violation . . . .
> 1. On or about April 14, 2021, in Linn County, Iowa, [Cooley] was required to register as a sex offender with the Linn County Sheriff;
> 2. [Cooley] knew, or reasonably should have known, of his duty to register as a sex offender; and
> 3. On or about April 14, 2021, [Cooley] failed to provide his new address to the Linn County Sheriff as required within five business days of obtaining a new residence.

Cooley objected; he asked the court to change the instruction so the State had to prove he was required to register as a sex offender in person with the Linn County Sheriff and that he failed to provide his new address to the Linn County Sheriff in person within five business days of obtaining a new residence. He maintains this is a correct statement of the law, as it matches the statutory language. *See* Iowa Code § 692A.104(2).

At the stage of the proceedings where Cooley challenged the marshaling instruction in his criminal trial, there was no pending legal question before the

district court regarding whether the local decision to close the sheriff's office to the public was appropriate or legal. The facts, as they were developed during trial, established there was no in-person requirement for registering in Linn County at the relevant time. And there was no allegation that Cooley violated the law by failing to appear in person. *See Vachon v. Broadlawns Med. Found.*, 490 N.W.2d 820, 822 (Iowa 1992) ("Requested instructions that are not related to the factual issues to be decided by the jury should not be submitted even though they may set out a correct statement of the law.").

Cooley's desire for an instruction that includes the "in person" language is an apparent attempt to set up an argument that he could not possibly comply because he could not register in person during the relevant time. But that is not what the State required of him. To be in compliance, Cooley needed to call in and register over the phone—a less onerous requirement than driving to the sheriff's office and appearing in person. It is undisputed that Cooley was both aware of the need to call in and that he was capable of doing so—he previously registered with the sheriff's office via phone in January and February 2021, and he testified about how he was aware of the "process" to register "because of COVID[-19]." Like the district court, we conclude that the inability to register in person did not excuse Cooley (or other sex offenders living in the county) from the requirement to register altogether. *See McCullough*, 2009 WL 2185549, at *2, *4 (holding that even if a sex offender was excused from complying with certain registration requirements due to the offender's homelessness, it would not totally excuse the offender from registering, and recognizing the purpose of the statute is to facilitate monitoring of

sex offenders by law enforcement and the public and construing statute to that end).

While it may have been impossible for Cooley to comply with the statute as written, neither the State in its prosecution nor the district court in its instructions to the jury attempted to hold Cooley to that standard. The marshalling instruction that was given, which included all elements except the "in person" requirement, was a proper instruction in this case. *See State v. Coleman*, 907 N.W.2d 124, 138 (Iowa 2018) (affirming jury instruction when it "adequately conveyed the applicable law to give jurors a clear understanding of the issues it needed to decide").

**C. Sufficiency of the Evidence.** Finally, Cooley claims there is insufficient evidence to support his conviction. But he does not craft an argument regarding the State's proof under either the jury instruction that was given or the instruction he requested. Cooley's claim regarding insufficient evidence is just the repackaging of his argument that registering in person is a necessary component of the statutory scheme and stopping him from doing so excuses his failure to register via alternative means. We remain unconvinced by this argument. And, viewing the evidence in the light most favorable to the State, it is clear Cooley was required to register as a sex offender as of April 14, 2021, that he knew of the duty, and that he failed to provide his new address to the Linn County Sheriff—in person or otherwise. *See State v. Crawford*, 974 N.W.2d 510, 516 (Iowa 2022) ("When evaluating the sufficiency of the evidence, we consider 'whether, taken in the light

most favorable to the State, the finding of guilt is supported by substantial evidence in the record.'" (citation omitted)).  There is sufficient evidence of Cooley's guilt.

**III. Conclusion.**

Because Cooley failed to preserve his separation-of-powers claim, the marshaling instruction was proper in this case, and sufficient evidence supports his conviction, we affirm.

**AFFIRMED.**